**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

CARLOS JOSE ALMENDAREZ,
　　　　　　*Defendant-Appellant.*

No. 00-4421

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-99-573-DKC)

Submitted: December 20, 2000

Decided: January 16, 2001

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

James Wyda, Federal Public Defender, Beth M. Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, James M. Trusty, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos Jose Almendarez appeals his conviction and sentence for unauthorized reentry of a deported alien after conviction for an aggravated felony in violation of 8 U.S.C.A. § 1326 (West 1999). Finding no reversible error, we affirm.

Almendarez first contends that the district court erroneously determined that it had proper venue in this case. We review a district court's ruling on venue de novo. *United States v. Newsom*, 9 F.3d 337, 338 (4th Cir. 1993). A § 1326 prosecution "may be instituted at any place in the United States at which the violation may occur or at which the person charged with a violation . . . may be apprehended." 8 U.S.C.A. § 1329 (West 1999). A surreptitious entry creates a continuing offense, one that is not complete until the alien is "found" in the United States by immigration authorities. *United States v. Reyes-Nava*, 169 F.3d 278, 280 (5th Cir. 1999); *United States v. Gomez*, 38 F.3d 1031, 1034-35 (8th Cir. 1994). Venue is therefore "proper . . . wherever the previously deported and reentered alien is 'found.'" *United States v. Herrera-Ordones*, 190 F.3d 504, 511 (7th Cir. 1999).

Although we have not addressed the definition of "found" in the context of unlawful reentry prosecutions, other courts have held that an alien is "found" when immigration authorities discover his presence in the United States, determine that his presence is illegal, and ascertain that he has reentered after a previous deportation. *Id.*; *United States v. Hernandez*, 189 F.3d 785, 789-91 (9th Cir. 1999), *cert. denied*, 120 S. Ct. 1441 (2000); *United States v. Calderon*, 85 F. Supp.2d 319, 320-21 (S.D.N.Y. 2000). Because Almendarez was found in Maryland when immigration authorities were alerted to his location and became aware of his illegal status and unlawful reentry, we find that the District of Maryland was an appropriate venue for his trial.

Almendarez also claims that the Government was required to prove his prior felony conviction beyond a reasonable doubt as it was an element of the offense rather than a sentencing factor. Because the Supreme Court has held that § 1326(b)(2) sets forth a sentencing fac-

tor rather than an element of the offense, this claim is without merit. *See Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Contrary to Almendarez's assertions, we find that this case was not overruled by *Apprendi v. New Jersey*, 530 U.S. ___, 120 S. Ct. 2348 (2000). *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (finding that *Apprendi* did not overrule *Almendarez-Torres*); *United States v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000) (finding that despite *Apprendi*, *Almendarez-Torres* remains the law); *see also Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998) (stating that lower courts should not presume that the Supreme Court has overruled one of its cases by implication; courts must follow caselaw that directly controls unless clearly overruled by subsequent Supreme Court case), *cert. denied*, 527 U.S. 1013 (1999).

Accordingly, we affirm Almendarez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*