243 F.3d 587 (2nd Cir. 2001)
 UNITED STATES OF AMERICA, Appellee,
v.
JOSE OSCAR CALDERON, also known as Jose Calderone, also known as Jose O. Calderon-Guzman, also known as Ramon A. Alis, also known as Ramon Alise, also known as Ramon Alix-Difo, also known as Ramon Difo, also known as Ramon Gonzalez-Castillo, Defendant-Appellant.
 Docket No. 00-1489
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: January 9, 2001
Decided: March 01, 2001
 
 Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, J.) on Jose Oscar Calderon's plea of guilty to being "found" in the United States after illegal reentry, in violation of 8 U.S.C. §1326. Calderon challenges venue in the Southern District of New York on the ground that he was previously "found" in Arizona, when he was detected illegally entering, but released on bail after using a false name and pedigree to conceal his prior deportation. We rule that this claim was waived by Calderon's guilty plea, and decline to address the merits.
 Affirmed.
 LESLIE C. BROWN, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney, and Jamie L. Kogan, Assistant United States Attorney, on the brief) for Appellee.
 STEVEN M. STATSINGER, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, N.Y., for Defendant-Appellant.
 Before: KEARSE, JACOBS, and CABRANES, Circuit Judges.
 JACOBS, Circuit Judge:
 
 
 1
 Jose Oscar Calderon appeals from a judgment of the United States District Court for the Southern District of New York (Batts, J.) on his plea of guilty to being "found" in the United States after illegal reentry, in violation of 8 U.S.C. §1326. Calderon challenges venue in the Southern District of New York on the theory that the offense was previously completed in Arizona, when he was "found" illegally entering the country but released on bail after using a false name and pedigree to conceal his prior deportation. We rule that the objection to venue was waived by Calderon's guilty plea, and decline to address the merits.
 
 BACKGROUND
 A. Calderon's Offense
 
 2
 In 1991, Calderon was convicted of possession of a controlled substance with intent to distribute and sentenced to twelve years' imprisonment. He was deported to the Dominican Republic in 1993. Before he left, the INS took his fingerprints.
 
 
 3
 In 1994, Calderon was arrested in Arizona as he illegally crossed the border. At the time of his arrest, he provided agents with a false name, date of birth, and country of origin, and falsely denied any criminal or immigration history. He was fingerprinted, but evidently the INS ran no check on the prints. He was released pending an administrative deportation hearing, and promptly jumped bail.
 
 
 4
 In 1997, Calderon was arrested in New York for conspiracy to possess a controlled substance. During his detention, he admitted his identity and that he had illegally reentered the country after deportation. Calderon was then indicted for illegal reentry.
 
 B. Calderon's Pre-Trial Venue Challenge
 
 5
 Calderon moved in the district court to dismiss the indictment for improper venue. He argued that venue could lie only in Arizona, because:
 
 
 6
 (i) A defendant who has illegally entered the United States is "found" when the INS A) learns of his presence in the country and B) has actual or constructive knowledge of his prior deportation(s), see 8 U.S.C. § 1326(a) & (b)(2); see also United States v. Rivera-Ventura, 72 F.3d 277, 282 (2d Cir. 1995);
 
 
 7
 (ii) Being found completes the crime of illegal reentry, making venue appropriate at that location, see Rivera-Ventura, 72 F.3d at 282 (holding that illegal reentry is not a "continuing offense"); and
 
 
 8
 (iii) Calderon was "found" in the United States when he was arrested in Arizona.
 
 
 9
 Calderon argued that the INS had constructive knowledge of his immigration record because, notwithstanding the false identity Calderon assumed when he was stopped on reentry, the INS could have matched the fingerprints taken in Arizona with the fingerprints taken when Calderon was deported. The government contended that Calderon was found in New York, when he admitted his true identity to an INS agent.
 
 
 10
 In a published opinion, the district court denied Calderon's motion. See United States v. Calderon, 85 F. Supp. 2d 319, 321 (S.D.N.Y. 2000). The district court held that the ability to match fingerprints was an insufficient basis for charging the government with constructive knowledge of the identity that Calderon concealed. See id.
 
 C. Calderon's Plea
 
 11
 Calderon pled guilty to illegal reentry. In the course of the thorough allocution, the court asked Calderon's attorney if he knew of "any valid defense that would prevail at trial," and counsel answered, "No." When asked to summarize the government's evidence, the prosecutor stated that the defendant "reentered the United States and was later found... in the Southern District of New York at Rikers Island." Calderon's counsel reminded the court that he had "made a motion to dismiss on venue," to which the judge responded: "I know. Since he talked about Arizona I wanted to make sure there was a New York venue." The judge accepted the plea without further discussion as to venue.
 
 DISCUSSION
 
 12
 On appeal, Calderon claims that: venue did not lie in the Southern District of New York because he was "found" in Arizona; his guilty plea lacked a factual basis; and his guilty plea was unknowing because he did not voluntarily waive his venue defense. We conclude that the plea was knowing and had an adequate factual basis. Because Calderon entered a valid plea, we further conclude that any objection he had as to venue was thereby waived, and we decline to otherwise address the merits of his venue objection.
 
 A. Validity of Calderon's Plea
 
 13
 To be valid, a plea must be knowing, see Fed. R. Crim. Proc. 11(c), and must be supported by a factual basis, see Fed. R. Crim. Proc. 11(f).
 
 
 14
 Calderon claims that his plea was unknowing because he was not fully informed as to the "nature of the charge to which [his] plea [was] offered," Fed. R. Crim. Proc. 11(c)(1). The "nature of the charge," however, refers to the elements of the offense, and does not encompass possible defenses to the charge. See, e.g., United States v. Broce, 488 U.S. 563, 573 (1989) ("conscious waiver is [not] necessary with respect to each potential defense relinquished by a plea of guilty"); United States v. Maher, 108 F.3d 1513, 1521 (2d Cir. 1997) ("describing the elements of the offense" is sufficient to meet the requirements of Rule 11(c)(1)). Even if we assume arguendo that Rule 11(c)(1) does encompass venue objections, the record demonstrates that Calderon was aware of this potential defense, which was the subject of a pre-trial motion rejected by the district court in a published opinion. Moreover, at the plea colloquy: a) the district court asked a series of questions specific to this point; and b) the prosecution indicated that, if required at trial, it would prove that Calderon was found in the Southern District of New York.
 
 
 15
 Calderon claims that his plea was not supported by an adequate factual basis. Like Rule 11(c)(1), however, 11(f) requires the court to "match[] the facts to the legal elements of the charged crime," not to ensure that all possible defenses have been exhausted. United States v. Smith, 160 F.3d 117, 121 (2d Cir. 1998). And, again, even if we were to hold that Rule 11(f) encompasses potential venue defenses--which we do not--the plea allocution, in combination with counsel's pre-trial venue motion, formed an adequate factual basis for the acceptance of Calderon's guilty plea. See Irizarry v. United States, 508 F.2d 960, 967 (2d Cir. 1975) (a court is "free to rely on any facts at its disposal" in assessing the factual basis for a plea).
 
 
 16
 B. Waiver of Calderon's Venue Objection by his Plea
 
 
 17
 Having entered a valid plea, Calderon's objection as to venue is waived. See, e.g., Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987) ("It is well settled that a defendant's plea of guilty admits all of the elements of a formal criminal charge, and... waives all challenges to the prosecution except those going to the court's jurisdiction." (citations omitted)). Calderon claims that his objection is preserved because it is jurisdictional in nature. It is true that jurisdictional errors are not waived, because they affect the basic authority of a court to hear and decide a case. See id. at 882.
 
 
 18
 Venue is not jurisdictional, however. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167-68 (1939) ("The jurisdiction of the federal courts--their power to adjudicate--is a grant of authority to them by Congress and thus beyond the scope of litigants to confer. But the locality of a law suit--the place where judicial authority may be exercised--though defined by legislation relates to the convenience of litigants and as such is subject to their disposition. This basic difference between the court's power and the litigant's convenience is historic in the federal courts.").
 
 
 19
 This Court has so held in the civil context. See Rutland Ry. Corp. v. Brotherhood of Locomotive Eng'rs, 307 F.2d 21, 29 (2d Cir. 1962) ("Venue in the federal courts is not a jurisdictional concept. We should not think about it in the metaphysical terms which have often been associated with considerations of jurisdiction. Venue is a concept of convenience." (citations omitted)).
 
 
 20
 Authorities outside this Circuit support the principle that venue is non-jurisdictional in the criminal context as well. See, e.g., United States v. Meade, 110 F.3d 190, 200 (1st Cir. 1997) ("The Constitution and Rule 18 protect a criminal defendant's venue not jurisdictional rights.... [V]enue is a waivable personal privilege designed for the benefit of the defendant."); United States v. Allen, 24 F.3d 1180, 1183 (10th Cir. 1994) ("[Defendant] waived [his venue objection] when he pleaded guilty to the obstruction charge."); United States v. Brown, 583 F.2d 915, 918 (7th Cir. 1978) (per curiam) ("[D]efendant's asserted venue protection... is subject to waiver by his guilty plea...."); United States v. Walden, 464 F.2d 1015, 1016 n.1 (4th Cir. 1972) ("improper venue is not a jurisdictional defect"); Yeloushan v. United States, 339 F.2d 533, 536 (5th Cir. 1964) ("Under our system of federal criminal justice the Constitution assures every defendant the right to a trial... in the district where the alleged crime was committed. This right can be waived."); cf. United States v. Costello, 381 F.2d 698, 701 (2d Cir. 1967) (holding, without discussion, that failure to object to venue at original criminal trial waives the claim on appeal).
 
 
 21
 We agree that venue is subject to waiver in a criminal case. We draw additional support from 28 U.S.C. § 1406(a)-(b), which directs a court to transfer or dismiss a case if venue does not lie, but does not impair the court's jurisdiction when a party has not made a timely objection:
 
 
 22
 (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.
 
 
 23
 (b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.
 
 
 24
 28 U.S.C. § 1406(a)-(b); see also 18 U.S.C. § 3231. Finally, Fed. R. Crim. Proc. 20 expressly permits written waiver of venue by a criminal defendant, which would be impermissible if venue were a jurisdictional limitation.
 
 CONCLUSION
 
 25
 For the reasons stated above, we conclude that Calderon's objection to venue was waived by his guilty plea. We therefore affirm the judgment of conviction.