**6**

UNITED STATES of America,
Appellee,

v.

Austin O. OMORUYI, a/k/a Charles U.
Oloro, a/k/a Michael Asazua,
Defendant–Appellant.

No. 00–1088.

United States Court of Appeals,
Second Circuit.

March 23, 2001.

David L. Lewis, Lewis & Fiore, New York, NY, for appellant.

Erika K. Thomas, Assistant United States Attorney; Mary Jo White, United States Attorney, for the Southern District of New York, George S. Canellos, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present STRAUB, POOLER and SACK, Circuit Judges.

SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Austin O. Omoruyi appeals from a judgment of conviction entered on February 2, 2000, in the United States District Court for the Southern District of New York (Allen G. Schwartz, *Judge* ), following his plea of guilty to illegal reentry into the United States after deportation following conviction of a felony, in violation of 8 U.S.C. § 1326(a) and (b)(1). Omoruyi was sentenced principally to a term of 51 months' imprisonment.

On appeal, Omoruyi first asserts that the government failed to prove venue in the Southern District of New York, and that the District Court thus erred in failing to dismiss the illegal reentry charge. According to Omoruyi, because he was "found in" Brooklyn, which is part of the Eastern District of New York, venue in the Southern District was not proper. Omoruyi's claim is foreclosed by this Court's recent decision in *United States v. Calderon*, 243 F.3d 587 (2d Cir.2001), in which we held that the defendant waived

his challenge to venue by pleading guilty to illegal reentry. Accordingly, we find no merit in Omoruyi's venue claim.

██ Omoruyi next argues that he did not receive adequate notice of the District Court's intent to depart upward from the sentencing range dictated by the United States Sentencing Guidelines ("U.S.S.G ."). Under Fed.R.Crim.P. 32, a party is entitled to reasonable notice of an intended departure from the Sentencing Guidelines. *See United States v. Carter*, 203 F.3d 187, 190–91 (2d Cir.2000); *see also Burns v. United States*, 501 U.S. 129, 136, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). A defendant has the right to be informed of "the factors the judge is planning to rely upon and why these factors warrant a departure." *Carter*, 203 F.3d at 190. "So long as the defendant is adequately warned that he faces the possibility of an upward departure so that he will not be unfairly surprised and will have adequate opportunity to argue against it, the concern [underlying Fed.R.Crim.P. 32] is satisfied." *United States v. Contractor*, 926 F.2d 128, 131–32 (2d Cir.), *cert. denied*, 502 U.S. 838, 112 S.Ct. 123, 116 L.Ed.2d 91 (1991). The notice may be provided in a presentence report. *See Burns*, 501 U.S. at 138, 111 S.Ct. 2182; *Contractor*, 926 F.2d at 132. Here, the Presentence Report recommended an upward departure, based on the same grounds cited by the District Court in its departure decision. Omoruyi obviously had reasonable notice of the factors relied upon by the court in departing, for he submitted a memorandum objecting to those factors. Accordingly, the notice provided Omoruyi was adequate.

██ Omoruyi also challenges the extent of the District Court's sentencing departure. "We affirm a departure from the sentencing guidelines if (1) the district court's stated reasons for departure, reviewed *de novo*, are of a kind or a degree not adequately considered by the sentencing commission and that may appropriately be relied upon to justify the departure; (2) the factual findings underlying the reasons arc not clearly erroneous; and (3) the extent of the departure is reasonable, giving due deference to the sentencing court." *United States v. Fei*, 225 F.3d 167, 171 (2d Cir.2000). Omoruyi argues that the factor upon which the District Court based its departure—his recidivism—had already been taken into consideration by the Sentencing Guidelines. However, in *United States v. Campbell*, 967 F.2d 20, 25 (2d Cir.1992), we held that when the crime of illegal reentry is involved, the seriousness of a defendant's criminal background "is relevant to determining both the defendant's criminal history category and the offense level for the charged conduct." Moreover, the Sentencing Guidelines specifically state that there may be cases in which "Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history," allowing the sentencing court to "structure the departure by moving incrementally down the sentencing table to the next higher offense level ... until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3, policy statement (2000). Thus, given Omoruyi's record of recidivism—a record that includes thirteen arrests and six convictions—and in light of the "considerable deference" accorded to district courts in reviewing the extent of a departure, we find that the departure here was proper. *United States v. Khalil*, 214 F.3d 111, 124 (2d Cir.), *cert. denied*, —— U.S. ——, 121 S.Ct. 326, 148 L.Ed.2d 262 (2000).

██ Finally, Omoruyi contends that he was denied effective assistance of counsel in the District Court. We do not agree. To prevail on a claim of ineffective assistance of counsel, a defendant must (1)

show that his counsel's representation fell below "an objective standard of reasonableness" under "[p]revailing norms of practice," and (2) "affirmatively prove prejudice" by showing that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming venue in the Southern District of New York was improper, there is no reason to believe that Omoruyi's counsel's failure to object was unreasonable, or that Omoruyi was prejudiced by the error. *See United States v. Boney,* 572 F.2d 397, 401 n. 6 (2d Cir.1978) ("We can understand why counsel did not attack the venue, for that would have resulted simply in a trial in [another district court]. On the other hand, if an attack on the failure of the Government to prove its case was successful, appellant might invoke the double jeopardy clause to bar a further prosecution in [the other district court]."). As for his sentencing claims, Omoruyi's trial counsel submitted a sentencing memorandum challenging the available grounds for departure. Accordingly, we find that Omoruyi was not denied effective assistance of counsel.

For the reasons set forth above, we AFFIRM the judgment of the District Court.