UNITED STATES of America,
Appellee,

v.

Fabian Roy LAO, also known as
Archie Bennett, Defendant–
Appellant.

No. 00–1636.

United States Court of Appeals,
Second Circuit.

May 11, 2001.

David A. Lewis, The Legal Aid Society, Federal Defender Division Appeals Bureau, New York, NY, for appellant.

Timothy J. Treanor, Assistant United States Attorney; Gary Stein, Assistant United States Attorney, of counsel; Mary Jo White, United States Attorney, on the brief, United States Attorney's Office for the Southern District of New York, New York, NY, for appellee.

---

*The Honorable Stefan R. Underhill of the United States District Court for the District of

Present NEWMAN, CABRANES, Circuit Judges, and UNDERHILL, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and is AFFIRMED.

Defendant Fabian Roy Lao appeals from a judgment of conviction entered by the District Court after Lao pled guilty to one count of illegally reentering into the United States as a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). The District Court sentenced Lao to 57 months' imprisonment, 3 years of supervised release, and a special assessment of $100. On appeal, Lao challenges his conviction on two grounds: (1) that venue was improper in the District Court because he was apprehended outside of the Southern District of New York; and (2) that his guilty plea allocution failed to comply with Rule 11(c)(1) and (f) of the Federal Rules of Criminal Procedure. We find no merit in either argument.

■ First, a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defenses, including objections to venue. *See United States v. Calderon*, 243 F.3d 587, 590 (2001). Accordingly, Lao cannot argue on appeal that venue did not lie in the District Court, because he waived this argument below.

■ Second, a guilty plea allocution complies with Federal Rule of Criminal Procedure 11(c) and (f) as long as a defendant understands the elements of the offense to which he is pleading and there is a factual basis for the plea. *See* FED.

Connecticut, sitting by designation.

R.Crim.P. 11(c), (f); *Calderon,* 243 F.3d at 589–90. Rule 11 does not require a district court to inform a defendant of all possible defenses to his conviction, such as a potential venue defense. *See Calderon,* 243 F.3d at 589–90. Here, Lao was fully informed of the elements of his alleged offense. Moreover, there was an adequate factual basis for Lao's plea, because, among other things, he admitted in the course of his allocution that he had been found in the United States after he had been deported. Accordingly, Lao's plea was not taken in violation of Federal Rule of Criminal Procedure 11(c) and (f).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.