SUMMARY ORDER
Defendant-Appellant Richard Peterson appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Chin, J.). The conviction was entered pursuant to Peterson’s guilty plea on one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count One), and one count of engaging in the business of insurance after having been convicted of a felony involving breach of trust or dishonesty, in violation of 18 U.S.C. §§ 1033(e)(1)(A) and 2 (Count Two). After a sentencing hearing, the District Court imposed a sentence of 120 months for each count, to be served concurrently. Although Peterson did not object to the sufficiency of his guilty plea prior to or during his allocution or sentencing, he did file a timely notice of appeal. We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
Peterson raises two main issues on appeal. He argues that the District Court erred in accepting his guilty plea because the record fails to establish an adequate factual basis for either Count One or Count Two. He further contends that his plea was invalid because it was not entered knowingly and voluntarily.
I
Where an appellant fails to object to an alleged Rule 11 error at the time of allocution, our Court reviews for plain error, which means that “there must be (1) ‘error,’ that is (2) ‘plain,’ and (3) ‘affect[s] substantial rights.’ ” Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). In determining whether a Rule 11 violation occurred and in assessing the effect of a likely error, courts are entitled to consider the entire record. United States v. Torrel-las, 455 F.3d 96, 103 (2d Cir.2006); United *729 States v. Maher, 108 F.3d 1513, 1521 (2d Cir.1997). In establishing the factual basis for a plea, “[a] court may rely on defendant’s own admissions, information from the government, or other information appropriate to the specific case.” United States v. Andrades, 169 F.3d 131, 136 (2d Cir.1999).
As to Count One, we are satisfied on the basis of the entire record that there was an adequate factual basis for Peterson’s guilty plea to survive plain error review. The record contains information suggesting that Peterson knew that the policies he sold were fraudulent, and that the Government asserted that Peterson concealed his real name for the “obvious reason” of hiding his “checkered past.” That is sufficient to support the plea.
As to Count Two, Peterson’s conduct fell within the plain language of the statute. The definitions of “business of insurance” and “insurer” for purposes of Section 1033(e) embrace those who “act as” agents or employees of businesses whose primary activity is the writing of insurance or rein-suring of risks. It is uncontested that Peterson held himself out as an agent of an insurer, and marketed and sold insurance policies. See United States v. Peterson, 357 F.Supp.2d 748, 749-50 (S.D.N.Y. 2005) (describing the factual background of Peterson’s offense conduct). Because Peterson had previously been convicted of bankruptcy fraud, a criminal felony involving dishonesty or breach of trust, the statute covered Peterson’s subsequent conduct, regardless of whether or not the insurance policies were real.
II
We turn next to Peterson’s argument that his plea was not knowing and voluntary. “It is beyond dispute that a guilty plea must be both knowing and voluntary.” Parke v. Raley, 506 U.S. 20, 28, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). Peterson contends that his plea was not knowing because he wished to preserve his right to challenge venue on appeal, and the District Court stated that Peterson might well be able to make such a challenge on appeal notwithstanding his plea. Instead, entry of a valid guilty plea waives objections to venue. See United States v. Calderon, 243 F.3d 587, 590 (2d Cir.2001). But the District Court did not mislead Peterson; it candidly admitted that it did not know whether the venue objection would be preserved or waived. In addition, the Government made clear that Peterson’s plea was not conditional, nor was it “akin to a conditional plea.” Under these circumstances, we are satisfied that Peterson, who was represented by counsel, had access to sufficient information so that his plea was knowing and voluntarily.
Ill
Finally, we consider a discrepancy in Peterson’s sentence. The District Court sentenced Peterson to 120 months on each of Counts One and Two to be served concurrently. As both parties acknowledged, however, the maximum term of imprisonment for Count Two is five years (sixty months). The parties have therefore requested that we modify Peterson’s sentence to correct this error. We do so, leaving Peterson’s 120-month sentence as to Count One, and therefore his total time to be served, undisturbed.
We therefore AFFIRM the judgment of the District Court, and MODIFY the sentence for Count Two, reducing it to sixty months to be served concurrently with the 120-month sentence for Count One.