**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 07-11185

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ETIENNE KONAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-75-ALL

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Etienne Konan appeals following his guilty-plea conviction for making false declarations before a grand jury, in violation of 18 U.S.C. § 1623. For the first time on appeal, Konan challenges the voluntariness of his guilty plea, contending that he was not fully informed of the nature of the charge against him because the district court did not advise him of the recantation defense under 18 U.S.C. § 1623(d). We AFFIRM the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A valid guilty plea must be made voluntarily and knowingly. *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S. Ct. 1709, 1712–13 (1969); *see* FED. R. CRIM. P. 11. To this end, Rule 11 is "meant to ensure that a guilty plea is knowing and voluntary, by laying out the steps a trial judge must take before accepting such a plea." *United States v. Vonn*, 535 U.S. 55, 58, 122 S. Ct. 1043, 1046 (2002). A district court is required by Rule 11 to address the defendant and inform him of the nature of the charges. Rule 11(b)(1)(G). We have held that the "nature of the charges" generally refers to the elements of the offense. *United States v. Lujano-Perez*, 274 F.3d 219, 224 (5th Cir. 2001).

Konan does not contend that he failed to understand the elements of his offense; rather, he contends that because recantation under § 1623(d) is a statutory bar to prosecution, a defendant must be informed of its provisions in order to have a full understanding of the charge against him. We disagree. "Section 1623(d) is not an automatic bar to prosecution for perjury." *United States v. Scrimgeour*, 636 F.2d 1019, 1026–27 (5th Cir. 1981). Recantation under § 1623(d) is a defense that must be raised before trial by the defendant, who bears the burden of demonstrating its applicability. *United States v. Denison*, 663 F.2d 611, 618 (5th Cir. 1981). The district court was required to engage Konan in a manner "that would lead a reasonable person to believe that the defendant understood the nature of the charge." *United States v. Reyna*, 130 F.3d 104, 110 (5th Cir. 1997). The court was not required to inform Konan of every defense potentially available to him. *See United States ex rel. Salisbury v. Blackburn*, 792 F.2d 498, 500 (5th Cir. 1986); *see also United States v. Calderon*, 243 F.3d 587, 589 (2d Cir. 2001) (holding that the "'nature of the charge' . . . does not encompass possible defenses to the charge"). We conclude that the district court's careful plea colloquy satisfied the requirements of due process and Rule 11, and that Konan was fully aware of the nature of the offense

to which he was admitting guilt. Konan has failed to show error, plain or otherwise.

Konan suggests in his brief that his counsel rendered ineffective assistance by failing to advise him of the § 1623(d) recantation defense, but he acknowledges that such a claim is ordinarily not reviewed on direct appeal. We decline to address this issue since it has not been previously presented for development in the district court. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

Finally, Konan argues that the district court erroneously denied without a hearing his motion to withdraw his guilty plea. The district court carefully and correctly considered the factors identified in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), for consideration of a defendant's motion to withdraw a plea. We see no abuse of discretion. *See United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (stating standard of review).

AFFIRMED.