SUMMARY ORDER
Defendant-appellant Aubrey Powell appeals from a judgment, entered by the United States District Court for the Southern District of New York (Scheindlin, J.) on July 1, 2008, following his guilty pleas to illegally reentering the United States after deportation for commission of an aggravated felony and to violating a condition of his supervised release. Powell was sentenced to principally 39 months’ imprisonment. We assume the parties’ familiarity with the facts, procedui-al background, and specification of issues on appeal.
It is well-established that “a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdie-tional defects in the prior proceedings.” Lebowitz v. United States, 877 F.2d 207, 209 (2d Cir.1989). Because “[vjenue is not jurisdictional,” United States v. Calderon, 243 F.3d 587, 590 (2d Cir.2001), a valid guilty plea is a waiver of any challenge to venue. Id. Powell contends that waiver does not apply here because the district court “never asked him if, by his plea, he was waiving his venue challenge.” However, the district coui't was not required to specifically inquire whether Powell understood that a guilty plea would waive his right to raise a venue challenge. See id. at 589; see also United States v. Broce, 488 U.S. 563, 573, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (stating that a “conscious waiver is [not] necessary with respect to each potential defense relinquished by a plea of guilty”). As Powell does not otherwise claim that his plea was invalid, his venue challenge has been waived. See Calderon, 243 F.3d at 590. Even assuming we were to reach the issue, venue was appropriate because Powell was “found” in the Southern District, 8 U.S.C. § 1326; see also United States v. Rivera-Ventura, 72 F.3d 277, 281-82 (2d Cir.1995), and venue lies where the violation occurred, see 8 U.S.C. 1329.
Powell next argues that his sentence was unreasonable because the district court failed to consider sentencing disparities based on the absence of a fast-track program in the Southern District of New York and the existence of fast-track program in California where Powell was arrested. “[A] district court’s refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable.” United States v. Mejia, 461 F.3d 158, 164 (2d Cir.2006). The district court here stated at the sentencing hearing that consideration of sentencing disparities based on the absence of a fast-track program “is discretionary.” It refused to adjust Powell’s sentence because he had been “deported *125 three times and repeatedly reentered.” The district court acted well-within its discretion in declining to adjust Powell’s sentence. See United States v. Hendry, 522 F.3d 239, 241-42 (2d Cir.2008) (per curiam) (finding that a district court’s “sentencing decision ... was an exercise of the judge’s discretion not to depart on the grounds of a disparity created by the absence of a fast-track program.”).
For the foregoing reasons, we AFFIRM the judgment of the district court.