09-0934-cr
United States v. Frederick

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of June, two thousand ten.

PRESENT:
            DENNIS JACOBS,
                  *Chief Judge,*
            AMALYA L. KEARSE,
            PIERRE N. LEVAL,
                  *Circuit Judges*.

_____

United States of America,

            *Appellee,*

            v.                                          09-0934-cr

Herman Ezekiel Frederick,

            *Defendant-Appellant*.

_____

FOR APPELLANT:        Herman Ezekiel Frederick, *pro se*, Minersville, PA.

FOR APPELLEE:         Sarah Y. Lai, Andrew L. Fish, Assistant United States Attorneys, Of Counsel, on behalf of Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment and post-judgment order of the United States District Court for the Southern District of New York (Scheindlin, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED** and the appeal from the post-judgment order be **DISMISSED** as untimely. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Defendant-Appellant Herman Ezekiel Frederick appeals *pro se* from a judgment of conviction entered in April 2008 and from a post-judgment order entered in September 2008.

Frederick pled guilty to a one-count indictment charging him with wire fraud, in violation of 18 U.S.C. § 1343. In April 2008, the district court sentenced Frederick principally to a 27-month term of imprisonment and three years of supervised release. In September 2008, the district court denied a post-judgment motion by Frederick seeking to "vacate" or withdraw his plea.

Frederick's appeal from the district court's September 2008 denial of his post-judgment motion is untimely. His notice of appeal was filed in February 2009 (more than ten days after the entry of that order). See Fed. R. App. P. 4(b) (2009). Because the Government has objected to its untimeliness, the filing period is "mandatory and inflexible." United States v. Frias, 521 F.3d 229, 234 (2d Cir. 2008).

Frederick's notice of appeal was also filed more than ten days after the April 2008 judgment of conviction. We assume without deciding that this appeal was timely, in view of the district court's deferral of the determination of a restitution amount and the explicit statement made on the judgment form indicating that an amended judgment would be entered following the final determination of restitution. See Fed. R. App. P. 4(b)(2); Frias, 521 F.3d at 234 (noting that Rule 4(b) is not jurisdictional); but see Dolan v. United States, No. 09-367, 2010 U.S. LEXIS 4762, 560 U.S. ____ (June 14, 2010) (indicating in dicta that judgments containing restitution components that lack specific dollar figures are final judgments that may be appealed from).

2

As they were not preserved, we review Frederick's challenges to his guilty plea for plain error, see United States v. Dominguez Benitez, 542 U.S. 74, 80 (2004), and find none. A review of the record indicates that Frederick entered into his plea knowingly, voluntarily, and intelligently, and that there was a sufficient factual basis for the plea.

Frederick's remaining challenges to his conviction are waived. A defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings. See United States v. Lasaga, 328 F.3d 61, 63 (2d Cir. 2003); United States v. Calderon, 243 F.3d 587, 590 (2d Cir. 2001).

Frederick's challenges to his sentence are also unpreserved and reviewed for plain error. See United States v. Hertular, 562 F.3d 433, 449 (2d Cir. 2009). We find none.

To the extent that Frederick raises a claim of ineffective assistance of counsel, we decline to address this claim on direct appeal. Frederick may elect to raise this before the district court in a motion under 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 504-05 (2003); United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003).

We have reviewed Frederick's remaining arguments on appeal and conclude that they are without merit.

For the foregoing reasons, the appeal from the district court's September 2008 order is hereby **DISMISSED** and the April 2008 judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3