**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4166**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

IRESHIA DONTE SUMMERS, a/k/a Eric Summers,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:13-cr-00006-H-2)

---

Submitted: March 30, 2015            Decided: April 2, 2015

---

Before WILKINSON, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Renorda E. Pryor, HERRING LAW CENTER, PLLC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Ireshia Donte Summers pled guilty to conspiracy to possess stolen firearms and ammunition, in violation of 18 U.S.C. § 371 (2012) (Count One); possession of firearms within 1000 feet of a school, and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(q)(2)(A), 924, & 2 (2012) (Count Four); and possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012) (Count Six). The district court sentenced Summers to 360 months' imprisonment, the bottom of the Guidelines range, which reflected concurrent terms of 60 months on Count One, 60 months on Count Four, and 360 months on Count Six.

Summers' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether venue was proper. Summers filed a pro se supplemental brief that, liberally construed, challenges the validity of his guilty plea and asserts claims of ineffective assistance of counsel.[*] For the reasons that follow, we affirm.

In his pro se brief, Summers argues that he would not have pled guilty but for defense counsel's assurances that his

_____

[*] The Government elected not to file a brief.

federal sentence would not be enhanced based on conduct related to the federal offenses for which charges were pending in state court. Because Summers did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "[T]o satisfy the plain error standard, [Summers] must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record leads us to conclude that the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Summers' guilty plea.

Summers' plea agreement contained no provisions concerning his pending state charges and Summers stated under oath at the plea hearing that his plea was not based on promises outside of the plea agreement. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (absent "clear and convincing evidence" to the contrary, defendant is bound by statements made under oath at guilty plea hearing). We conclude that Summers is not entitled to relief on his guilty plea challenge.

Counsel argues, in the Anders brief, that venue for Count Four, possession of firearms and ammunition in a school zone, and aiding and abetting, was not proper in the Eastern District of North Carolina, because the offense occurred in the Middle

3

District of North Carolina. By pleading guilty without reserving the right to challenge venue on appeal, Summers waived any right to challenge venue in this Court. See United States v. Bundy, 392 F.3d 641, 650 n.3 (4th Cir. 2004) ("Where a defendant who pled guilty presents on appeal an issue that he did not even attempt to preserve by means of a conditional plea, we decline to entertain the appeal on the ground that the defendant's unconditional plea waived that issue altogether."); United States v. Calderon, 243 F.3d 587, 590 (2d Cir. 2001) (collecting cases and explaining that "[v]enue is not jurisdictional" and is waived by a "valid plea").

Finally, Summers asserts that he was denied effective assistance of counsel at the plea stage and at sentencing. As stated above, he claims that he pled guilty based on counsel's promise that his sentence would not be enhanced by pending related state court charges. He also contends that counsel was ineffective at sentencing for failing to object to information in the presence report that was used to enhance his sentence.

To succeed on a claim of ineffective assistance, Summers must show that (1) trial counsel's performance was constitutionally deficient and (2) such deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the performance prong, Summers must demonstrate that trial counsel's performance fell below an

4

objective standard of reasonableness under prevailing professional norms. Id. at 688. The prejudice prong is satisfied, within the context of a guilty plea, if Summers can demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not generally addressed on direct appeal, United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008), but rather should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Summers' convictions and sentence. This court requires that counsel inform Summers, in writing, of the right to petition the Supreme Court of the United States for further review. If Summers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

representation.  Counsel's motion must state that a copy thereof was served on Summers.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED