22-2578
*United States v. Cubangbang*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of February, two thousand twenty-four.

PRESENT:

> DENNIS JACOBS,
> BETH ROBINSON,
> ALISON J. NATHAN,
>> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                              No. 22-2578

DANTE A. CUBANGBANG, AKA SEALED DEFENDANT 1,

> *Defendant-Appellant*,

JOHN F. GARGAN, AKA SEALED DEFENDANT 2,
MICHAEL KELLERMAN, AKA SEALED DEFENDANT 3
LOREN PIQUANT, AKA SEALED DEFENDANT 4,
PORFIRIO LUGO,

*Defendants.*\*

_____

FOR APPELLANT:                              Lucas Anderson, Rothman,
                                            Schneider, Soloway & Stern, LLP,
                                            New York, NY.

FOR APPELLEE:                               Juliana Murray, Sebastian Swett,
                                            Assistant United States Attorneys, *for*
                                            Damian Williams, United States
                                            Attorney for the Southern District of
                                            New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's September 29, 2022 judgment is **AFFIRMED**.

Dr. Dante A. Cubangbang appeals from a judgment of conviction following his guilty plea to conspiracy to commit promotional money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). He argues that his conviction should be vacated because his admissions during his plea colloquy did not establish (1) a conspiracy to commit promotional money laundering and (2) that

---

\* Piquant's appeal, which was consolidated with Cubangbang's appeal and served as the lead case, was voluntarily dismissed.

the money laundering allegations had a nexus with the Southern District of New York to support venue.  Because Cubangbang did not raise these contentions before the district court, we review them for plain error.  *United States v. Aybar-Peguero*, 72 F.4th 478, 483–84 (2d Cir. 2023).  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.  Factual Basis for Promotional Money Laundering Conspiracy

Cubangbang argues his guilty plea was invalid because it lacked an adequate factual basis.  *See* Fed. R. Crim. P. 11(b)(3).  Specifically, he claims that he never admitted to an essential element: knowingly entering into an agreement in which he or another conspirator would make financial transactions that would "promote the carrying on of" a drug trafficking activity.  Appellant's Br. 1.[1]  We disagree.

At the change of plea hearing, the district court asked Cubangbang to explain, in his own words, what he did to be found guilty.  He said:

> Between approximately 2008 and 2018, in the Southern District of New York, I knowingly and intentionally agreed with others to violate the narcotics laws of the United States.  Specifically, I, without

---

[1] In our quotations from caselaw and the parties' briefs, we omit all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

> legitimate medical purposes, wrote prescriptions for oxycodone. As part of the scheme, bills were submitted to health care insurers for medically unnecessary services, including prescriptions and urinalysis tests. Further, the resulting profits were used to further this illegal scheme.

App'x 62.

This explanation supplied an adequate factual basis for Cubangbang's conviction. Cubangbang specifically confessed to an agreement with others in which he issued oxycodone prescriptions without a legitimate medical purpose. He elaborated by explaining that the conspiracy included billing health care insurers for unnecessary medical services related to the prescriptions and deploying the resulting proceeds to further the illegal scheme. These admissions established the necessary factual basis for Cubangbang's conviction for conspiracy to commit promotional money laundering. *See United States v. Thorn*, 317 F.3d 107, 133–34 (2d Cir. 2003) (refunneling unlawful proceeds back into illegal enterprise could sustain a conviction for conspiracy to commit promotional money laundering). Although Cubangbang used the passive voice to describe how the conspiracy's proceeds were deployed ("the resulting profits *were used* to further this illegal scheme"), in the context of the preceding sentences, his admission

4

reflects that his agreement with others included using the proceeds to further the collective scheme.

We therefore conclude that Cubangbang gave the district court a sufficiently descriptive explanation of his guilty conduct to supply an adequate factual basis, and no additional questioning from the district court was required. *See United States v. Torrellas*, 455 F.3d 96, 104 (2d Cir. 2006) ("[A] district court need not elicit detailed narrative responses from a defendant to satisfy itself that the plea has a factual basis[.]").

**II. Venue**

Cubangbang's argument that the plea colloquy failed to establish facts to support venue is also unavailing. A defendant who enters a knowing and voluntary guilty plea waives all non-jurisdictional defects. *United States v. Calderon*, 243 F.3d 587, 590 (2d Cir. 2001). We have previously explained that improper venue is not a jurisdictional defect, as it is not a formal element of an offense that must be proven beyond a reasonable doubt. *Id.*; *United States v. Chen*, 378 F.3d 151, 159 (2d Cir. 2004). Accordingly, when the district court accepted Cubangbang's guilty plea, it did not have to satisfy itself that venue was proper,

5

and his guilty plea waived any challenge to venue. *See Calderon*, 243 F.3d at 590–91.

*   *   *

We have considered Dr. Cubangbang's remaining arguments and conclude they are without merit. Having found no error, plain or otherwise, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court