UNITED STATES of America,
Appellee,

v.

Eddy GARCIA and Juan Garcia,
Defendants–Appellants.

Docket Nos. 02–1419(L), 02–1420(CON).

United States Court of Appeals,
Second Circuit.

Argued: June 12, 2003.

Decided: Aug. 7, 2003.

Daniel M. Felber, Balsam Felber & Goldfield, New York, NY, for Defendant–Appellant Eddy Garcia.

Michael Hurwitz, Hurwitz Stampur & Roth, New York, NY, for Defendant–Appellant Juan Garcia.

Boyd M. Johnson, III, Assistant United States Attorney, Southern District of New York (James B. Comey, United States Attorney, Christine H. Chung, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Before: MINER, JACOBS, and CABRANES, Circuit Judges.

PER CURIAM.

Defendants Eddy Garcia and Juan Garcia appeal from a final judgment entered in the United States District Court for the Southern District of New York (Swain, *J.*) following their pleas to conspiring to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. *See United States v. Garcia,* No. 01 CR. 35, 2001 WL 1297791 (S.D.N.Y. Oct.25, 2001). On appeal, defendants principally challenge the denial of their pre-plea motion to suppress the twenty-three kilograms of cocaine that law enforcement officers seized (1) from a car that the officers had seen defendants driving and (2) from Juan Garcia's apartment.

## I

As a threshold matter, the government argues that the guilty pleas were not entered on a conditional basis and that defendants thereby waived their rights to appeal the suppression ruling. It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings. *United States v. Calderon,* 243 F.3d 587, 590 (2d Cir.2001); *accord Hayle v. United States,* 815 F.2d 879, 881 (2d Cir.1987). To preserve the right to challenge non-jurisdictional defects after entry of a guilty plea, a defendant must have obtained "a court-approved reservation of issues for appeal." *Hayle,* 815 F.2d at 881. Under Rule 11(a)(2) of the Federal Rules of Criminal Procedure, this reservation must be made in writing with the consent of the government:

> **Conditional Pleas.** With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving *in writing* the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

Fed.R.Crim.P. 11(a)(2) (2001) (emphasis added).[1]

---

1. Minor stylistic changes were made to Rule 11(a)(2), effective December 1, 2002. *See* Fed.R.Crim.P. 11, Advisory Comm. Notes, 2002 Amendments (stating that the changes to Rule 11(a)(2) were intended to be "stylistic only"). We have quoted the earlier version of the rule because the changes took effect after

Defendants concede that they did not comply with the writing requirement, but insist that their guilty pleas were conditional nevertheless because: they obtained the implicit consent of the government and district court to the bringing of an appeal; they made their intention to appeal clear to the government both before and during their plea hearing; and they made a careful record in the hearing transcript of the precise issues on which an appeal would be taken. *Cf. United States v. Wong Ching Hing,* 867 F.2d 754, 758 (2d Cir.1989) (stating that Rule 11(a)(2)'s writing requirement is "designed in part to clarify for the parties and the appellate court precisely what issues are to be preserved").

The government concedes that defendants discussed their intention to appeal in pre-plea negotiations, and that when defendants reiterated this intention at the plea hearing (albeit after the plea had already been accepted by the court), the government registered no objection. The government argues that defendants' claims are barred nevertheless by the plain language of Rule 11(a)(2) because defendants secured from the government and district court no explicit consent in writing to bring this appeal.

Our sister Circuits have split on the question of whether the formal requirements of Rule 11(a)(2) can be excused. *Compare United States v. Herrera,* 265 F.3d 349, 352 (6th Cir.2001) ("The rule states plainly that a conditional guilty plea must be in a writing .... There is no such writing in this case. Therefore, [the defendant] has waived his right to appeal the district court's order denying the pre-plea suppression motion."), *with United States v. Bell,* 966 F.2d 914, 916–17 (5th Cir.1992) (excusing Rule 11(a)(2)'s writing requirement pursuant to Rule 11(h), on grounds that failure to comply with the require-

ment did not affect substantial rights), and *United States v. Yasak,* 884 F.2d 996, 1000 (7th Cir.1989) (excusing lack of writing on grounds that the text of the plea transcript, which showed consent of the government and district court, functioned as a sufficient writing).

Regardless of whether the defendants entered their guilty pleas conditionally or unconditionally, we have jurisdiction to affirm the district court's suppression ruling on the merits. *See United States v. Robinson,* 20 F.3d 270, 273 (7th Cir.1994) (affirming defendant's conviction on the merits, even though the defendant pleaded guilty with "no writing indicating the existence of a conditional plea, and nothing in the transcript indicate[d] the existence of any type of plea agreement at all"); *see also Nat'l Union Fire Ins. Co. v. Stroh Cos., Inc.,* 265 F.3d 97, 112 n. 4 (2d Cir. 2001) (declining to address argument that claim was waived and instead deciding appeal on the merits). *Cf. United States v. Carrasco,* 786 F.2d 1452, 1454 & n. 2 (9th Cir.1986) (suggesting that court lacked jurisdiction to decide an appeal from the denial of a suppression motion unless the defendant entered a valid conditional plea, but citing *Lefkowitz v. Newsome,* 420 U.S. 283, 288–89, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975), for the proposition that "[g]enerally, an unconditional guilty plea constitutes a *waiver* of Fourth Amendment claims" (emphasis added)). For the reasons stated below, we see no error in the district court's pre-plea suppression rulings.

## II

■ Defendants first challenge the admissibility of the two kilograms of cocaine seized from their car. In reviewing this challenge, we construe the evidence in the light most favorable to the government,

the district court accepted defendants' guilty pleas on January 11, 2002.

and review the district court's factual findings for clear error, and its legal conclusions *de novo.* *United States v. Bayless,* 201 F.3d 116, 132 (2d Cir.2000).

■ The district court properly determined that the initial encounter between the police and the defendants was a *Terry* stop, not an arrest, because the officers' actions were "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The court found that the law enforcement officers here were acting on a reliable tip regarding suspected drug activity in a narcotics trafficking area, that they drew their guns and briefly detained the defendants outside their car before observing what appeared to be drugs among the contents of the defendants' open trunk. *See Garcia,* 2001 WL 1297791, at *1–*3. Defendants do not argue that the district court clearly erred in making these factual findings. "[T]his Court has repeatedly acknowledged the dangerous nature of the drug trade and the genuine need of law enforcement agents to protect themselves from the deadly threat it may pose." *United States v. Alexander,* 907 F.2d 269, 273 (2d Cir. 1990). We have previously rejected the argument that a *Terry* stop necessarily becomes an arrest if the police "used their cars to block [defendant's] vehicle" and "approached [the] stopped car with guns drawn in order to protect themselves and bystanders." *United States v. Perea,* 986 F.2d 633, 644 (2d Cir.1993).

■ The district court also properly concluded that the *Terry* stop was justified by "reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (quoting *Terry,* 392 U.S. at 30, 88 S.Ct. 1868). The court relied on findings, unchallenged on appeal, that (1) a reliable informant had tipped off the officers that cocaine would be distributed at the time and place of the incident, (2) the officers possessed information that the setting was a narcotics-trafficking area, (3) the police observed the Garcias repeatedly engaging in what appeared to be counter-surveillance, and (4) the Garcias were seen leaving the target building laden with a plastic bag containing a rectangular package. *See Garcia,* 2001 WL 1297791, at *5–*6. These findings sufficiently establish reasonable suspicion. *See, e.g., Illinois v. Wardlow,* 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion."); *Alabama v. White,* 496 U.S. 325, 332, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) (holding that an anonymous tip that predicted future criminal activity, if corroborated by subsequent independent investigation, furnished reasonable suspicion); *Alexander,* 907 F.2d at 271 (holding that reasonable suspicion existed where defendants parked their car in a neighborhood with frequent drug activity, left and returned minutes later with a brown paper bag, then drove away quickly).

### III

■ Defendants also challenge the admissibility of the twenty-one kilograms of cocaine recovered from Juan Garcia's apartment. The government offered testimony that his wife consented to a search. "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The district court credited testimony that Mrs. Garcia opened the

**120**

apartment door, admitted the officers, and thereafter verbally consented to a search. The court found this verbal consent to be knowing and voluntary in light of the fact that she was a "poised and well-spoken witness" who "speaks both English and Spanish and is employed outside the home by a social services organization." *Garcia*, 2001 WL 1297791, at *3.

There is no clear error in this factual finding. *See United States v. Sanchez*, 635 F.2d 47, 59–60 (2d Cir.1980) (affirming finding of consent to search apartment where police testified that they arrived outside the apartment, identified themselves, entered through an opened door without verbal objection from its occupants, then obtained explicit verbal consent to search).

### IV

Finally, Juan Garcia claims that his case should be remanded for resentencing to comply with Amendment 640 to the United States Sentencing Guidelines, § 2D1.1, which took effect on November 1, 2002, after he was sentenced. Amendment 640 caps the maximum base offense level at 30 for any defendant who receives a mitigating role adjustment under U.S.S.G. § 3B1.2. *See* U.S.S.G. Supp. to App. C, Amendment 640 (Nov. 1, 2002).

■ U.S.S.G. § 1B1.10(a) permits the retroactive reduction in a defendant's sentence, based on a post-sentencing amendment to the Guidelines, with respect to a specified list of amendments found in § 1B1.10(c). Amendment 640, however, is not among those listed. *See United States v. Caceda*, 990 F.2d 707, 710 (2d Cir.1993) (declining to apply Guidelines amendment retroactively where U.S.S.G. § 1B1.10 did not explicitly provide for retroactivity of amendment); *United States v. Ferreria*, 239 F.Supp.2d 849, 857 n. 11 (E.D.Wis. 2002) (stating that Amendment 640 does

not apply retroactively). To the extent that Juan Garcia argues that Amendment 640 makes his sentence "[b]y definition . . . excessive," we reject his contention.

### CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.