UNITED STATES of America,
Appellee,

v.

Oscar RAMIREZ, Defendant–Appellant.

Docket No. 02–1371.

United States Court of Appeals,
Second Circuit.

July 14, 2004.

---

214

Edward D. Wilford, New York, New York, for Defendant–Appellant Ramirez.

Preetinder Bharara, Assistant United States Attorney (David N. Kelley, United States Attorney, Southern District of New York, on the brief, Adam B. Siegel), for Appellee, of counsel.

PRESENT: CALABRESI, SOTOMAYOR, Circuit Judges, and BERMAN, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Oscar Ramirez was convicted in the Southern District of New York of conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. He was sentenced to 78 months' imprisonment. On appeal, he alleges that the district court (Stein, *J.*) improperly (1) denied his suppression of evidence motions, (2) found venue in the Southern District of New York, and (3) discharged a juror after he was sworn.

Ramirez first contends that, because he was improperly stopped and, then, improperly arrested, the evidence incident to his arrest should have been suppressed. We find no error. Ramirez's suspicious behavior at the bus stop was enough to justify the law enforcement agents' very unintrusive questioning. *See United States v. Garcia*, 339 F.3d 116, 119 (2d Cir.2003). While the question is closer, the responses Ramirez gave linking him to Carlos Restrepo, the government's informant, provided sufficient justification

* The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, sitting by designation.

for his arrest and subsequent search. *See United States v. Patrick,* 899 F.2d 169, 171 (2d Cir.1990); *United States v. Vasquez,* 638 F.2d 507, 523–24 (2d Cir.1980).

 Ramirez's claims that the government failed to establish proper venue in the Southern District of New York are equally unavailing. We have held that where, as here, a co-conspirator is present in or over the district while engaging in an overt act in furtherance of the conspiracy, venue is properly laid in that district, regardless of whether defendant had actually joined the conspiracy at the time of the overt act. *United States v. Ramirez–Amaya,* 812 F.2d 813, 816 (2d Cir.1987). Moreover, a co-conspirator's departure from the conspiracy—even that of a central participant—does not destroy the preexisting agreement that was to culminate in a transfer of drugs to another conspirator. *See United States v. Salmonese,* 352 F.3d 608, 615 (2d Cir.2003). Accordingly, we find no error.

 Third, Ramirez claims that the district court improperly dismissed a juror after that juror was sworn. We find no abuse of direction. Given that the particular juror had a brother convicted of a narcotics offense and had answered questions about his own impartiality in an uncertain way, it was well within the discretion of the district court judge to remove that juror. *See United States v. Evans,* 352 F.3d 65, 68 (2d Cir.2003); *United States v. Gambino,* 951 F.2d 498, 502 (2d Cir.1991).

We have considered all of Defendant's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.