**UNITED STATES of America,**
**Appellee,**

v.

**Victor CONTRERAS, Defendant–**
**Appellant.**

**Docket No. 03–1443.**

United States Court of Appeals,
Second Circuit.

Sept. 9, 2004.

David Touger, Peluso & Touger, LLP, New York, NY, for Appellant.

Raymond J. Lohier, Jr., Assistant United States Attorney, New York, NY, David N. Kelley, United States Attorney, and Adam B. Siegel, Assistant United States Attorney, of counsel, for Appellee.

PRESENT: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

Victor Contreras appeals from a judgment of conviction entered in the United

States District Court for the Southern District of New York (Keenan, *J.*), after he pleaded guilty to a narcotics conspiracy and the related substantive offense. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

"It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *United States v. Garcia,* 339 F.3d 116, 117 (2d Cir.2003) (per curiam); *see also Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). The exception to this rule is where a defendant "enter[s] a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed.R.Crim.P. 11(a)(2).

The plea entered by Contreras was not made conditional under Rule 11(a)(2). Contreras invokes *Garcia,* which is however distinguishable. In *Garcia,* "[t]he government concede[d] that defendants discussed their intention to appeal in pre-plea negotiations, and that when defendants reiterated this intention at the plea hearing (albeit after the plea had already been accepted by the court), the government registered no objection." *Garcia,* 339 F.3d at 118. The government makes no such concessions in this case. Defendant claims that the government knew of his intent to appeal, but that assertion is unsupported in the record. Accordingly, we decline to exercise jurisdiction to review Contreras's suppression claim on the merits.

For the foregoing reasons, Contreras's appeal is hereby **DISMISSED**. As Contreras was sentenced to the statutory minimum under 21 U.S.C. § 841, with no enhancement under the Sentencing Guidelines, the mandate need not be stayed pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, 2004 WL 2331491 (2004), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 26, 159 L.Ed.2d 854 (2004) (to be argued October 4, 2004), and thus should be issued in normal course.