**UNITED STATES of America,**
**Appellee,**

v.

**Jeremy HARDY, Defendant–Appellant.**

**No. 05–4312–CF.**

United States Court of Appeals,
Second Circuit.

Feb. 3, 2006.

Alexander Bunin, Federal Public Defender (Melissa A. Tuohey, Research & Writing Attorney; Lisa A. Peebles, Assistant Federal Public Defender, on the brief), Syracuse, NY, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney, Northern District of New York (Glenn T. Suddaby, United States Attorney; Carl G. Eurenius, Assistant United States Attorney), Syracuse, NY, for Appellee, of counsel.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges. and Hon. MARK R. KRAVITZ, District Judge.*

## SUMMARY ORDER

Defendant-appellant Jeremy Hardy appeals from a judgment denying his motion to suppress evidence seized by United States Border Patrol agents from a vehicle Hardy had been driving near the Canadian border. We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

The parties agree that a *Terry* stop occurred when a New York State Trooper arrived on the scene and parked her vehicle so that it partially blocked Hardy's vehicle. Hardy contends the *Terry* stop was unjustified. An officer may conduct a *Terry* stop if he or she has a "reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. Garcia*, 339 F.3d 116, 119 (2d Cir.2003) (citations and internal quotation marks omitted). Thus, to justify a *Terry*

stop, an officer must adduce "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

The district court found that numerous circumstances supported the authority of the officers to stop Hardy briefly pending further investigation. The court's findings were reasonably supported by the evidence and were more than sufficient to justify the brief stop pending further investigation. *See United States v. Casado*, 303 F.3d 440, 441 n. 1 (2d Cir.2002) (stating that officers who lack probable cause but whose observations lead them "reasonably to suspect that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke suspicion"). In addition, the officers' investigation was "reasonably related in scope and duration to the circumstances that justified the stop in the first instance, so as to be minimally intrusive of [Hardy's] Fourth Amendment interests." *United States v. Glover*, 957 F.2d 1004, 1011 (2d Cir.1992). The consensual search of the vehicle's trunk, the canine sniff of the vehicle, and the subsequent search of the vehicle's interior were not unreasonable in light of the information available to the officers at the time of the *Terry* stop.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

* The Honorable Mark R. Kravitz, United States District of Connecticut, sitting by designation.