**UNITED STATES of America,
Appellee,**

v.

**Kenneth MIMS, also known as Kenny
Mims, Defendant–Appellant.**

**No. 06–2915–cr.**

United States Court of Appeals,
Second Circuit.

June 6, 2007.

James Smart, Assistant United States
Attorney (William J. Nardini, Stephen B.
Reynolds, Assistant United States Attor-
neys, on the brief), for Kevin J. O'Connor,
United States Attorney for the District of
Connecticut, New Haven, CT, for Appellee
United States of America.

Deidre Murray, Assistant Federal De-
fender, (Paul F. Thomas, on the brief), for
Thomas G. Dennis, Federal Defender,
New Haven, CT, for Defendant–Appellant
Kenneth Mims.

PRESENT: Hon. RALPH K.
WINTER, Hon. BARRINGTON D.
PARKER, Circuit Judges, Hon. LOUIS F.
OBERDORFER,* District Judge.

---

* The Honorable Louis F. Oberdorfer, of the
United States District Court for the District of
Columbia, sitting by designation.

## SUMMARY ORDER

Defendant–Appellant Kenneth Mims appeals from a judgment of conviction entered on June 13, 2006 in the United States District Court for the District of Connecticut (Hall, *J.*) following Mims's plea of guilty to one count of illegal gun possession by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). On appeal, Mims contests the ruling of the district court (Alan H. Nevas, *J.*) denying his motion to suppress, among other things, the firearm, ammunition and narcotics seized from his person on March 14, 2004. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Mims contends that the police officers did not have reasonable suspicion to stop him pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). His argument centers around the reliability of the confidential informant and the information that he provided to the police— specifically, his statement that Mims was in a particular car with three named associates, and that Mims was in possession of a firearm and narcotics. In reviewing the denial of a motion to suppress involving a determination of reasonable suspicion or probable cause, this Court reviews the factual findings of the district court for clear error and the district court's legal conclusions *de novo*. *See Ornelas v. United States*, 517 U.S. 690, 697, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Garcia*, 339 F.3d 116, 118–19 (2d Cir.2003) (per curiam).

Under *Terry v. Ohio*, a police officer may detain an individual for brief questioning if the officer has a reasonable suspicion that criminal activity is afoot, and may conduct a limited search to confirm that the individual is not armed. *See United States v. Colon*, 250 F.3d 130, 134 (2d Cir.2001). Reasonable suspicion means that police "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 U.S. at 21, 88 S.Ct. 1868. When evaluating whether or not a police officer had reasonable suspicion, a court should consider "the totality of the circumstances." *United States v. Villegas*, 928 F.2d 512, 516 (2d Cir.1991) (citing *United States v. Sokolow*, 490 U.S. 1, 7–8, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989)).

While a police officer can rely on information supplied by a confidential informant to establish reasonable suspicion, the information must "carr[y] enough indicia of reliability to justify the officer's forcible stop.…" *Adams v. Williams*, 407 U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). A tip from an *anonymous* informant cannot be followed by the police simply because the informant seems reliable; it must also be true that the specific information about criminal activity is reliable and corroborated. *See Florida v. J.L.*, 529 U.S. 266, 272, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000); *Alabama v. White*, 496 U.S. 325, 331–32, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). On the other hand, "[w]here informants are known, … a lesser degree of corroboration is required." *United States v. Elmore*, 482 F.3d 172, 180 (2d Cir.2007).

Reviewing the decision below, we find that it was not clear error for the district court to credit the testimony of the arresting officer that he had been receiving tips from the confidential informant for six years and that the informant's tips had led to approximately 60 arrests. These past dealings with the confidential informant made the informant's tip more reliable. *See Adams*, 407 U.S. at 146–47, 92 S.Ct. 1921. The fact that the informant gave the information to the officer in person, putting himself in jeopardy if his allegations turned out to be false, also made the information more reliable. *See id.; Unit-*

**636**

ed States v. Salazar, 945 F.2d 47, 50–51 (2d Cir.1991). The tip became even more reliable after police observation showed that the informant had accurately predicted Mims's whereabouts, see Alabama v. White, 496 U.S. 325, 332, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), and the police investigation showed that the car in question was registered to one of Mims's associates, who was also named by the informant, see Elmore, 482 F.3d at 179 (citing Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)) (a tip is more reliable when it is corroborated through police investigation). In addition, in formulating their suspicion, the officers were allowed to take into account their observation that the suspects were parked in a high-crime area known for drug activity. See United States v. Muhammad, 463 F.3d 115, 122–123 (2d Cir.2006) (quoting Illinois v. Wardlow, 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)).

When these indicia of reliability are taken together, the reliability of the information known to the police officers was sufficient to establish a reasonable, articulable suspicion that Mims was involved in criminal activity—specifically, he was likely to be in possession of a handgun and narcotics. See Terry, 392 U.S. at 30, 88 S.Ct. 1868. With this reasonable suspicion, the officers were justified in approaching Mims and asking him further questions, while taking objectively reasonable steps to protect themselves. See Florida v. Royer, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). In addition, given that they had reason to believe Mims was in possession of a handgun, the officers were justified in conducting a pat-down to search for weapons. See Minnesota v. Dickerson, 508 U.S. 366, 373, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); Terry, 392 U.S. at 27, 88 S.Ct. 1868. Once the officers found a black handgun in the defendant's waistband, they had probable cause to arrest Mims, knowing that he was a felon in possession of a weapon. Finally, the officers were permitted to conduct a "search-incident-to-arrest," Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), during which one officer recovered and seized a bag of heroin. In sum, we see no Fourth Amendment violation.

For the foregoing reasons, we AFFIRM the judgment of the district court.