**UNITED STATES of America,**
**Appellee,**

v.

**Brandon MILES, Defendant–Appellant.**

**No. 06–4832–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 31, 2008.

Robert C. Mirto, Mirto, Ketaineck & DiCrosta, P.C., West Haven, CT, for Appellant.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Edward T. Kang, William J. Nardini, Assistant United States Attorneys, New Haven, CT, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Brandon Miles appeals from a judgment of conviction entered October 18, 2006,

pursuant to a conditional guilty plea in which Miles retained the right to challenge the district court's ruling on his motion to suppress evidence. On appeal, Miles challenges the district court's ruling that the search of his person conducted on February 1, 2005, which uncovered the contraband that was the basis of his conviction, did not violate the Fourth Amendment. We assume the parties' and counsel's familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

Miles contends that the search method employed violated the scope of the search authorized by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), because the police officer squeezed Miles's pockets from the outside rather than using an open-palmed patdown technique to search for weapons. Under some circumstances, a law enforcement officer's use of clutching fingers for a patdown during a *Terry* stop, resulting in the discovery of a relatively small amount of contraband rather than a weapon, might well give rise to Fourth Amendment concerns. We need not reach that issue here, however.

The district court found that Miles consented to the search when, upon being asked whether he had any weapons, he answered, "No, you can check me," and put his hands in the air. A search conducted pursuant to voluntary consent is one of the exceptions to the Fourth Amendment's requirement that the government obtain a judicial warrant prior to a search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The scope of a defendant's consent to a search is a question of fact, *United States v. Gandia*, 424 F.3d 255, 265 (2d Cir.2005), which we therefore review for clear error, *see United States v. Garcia*, 339 F.3d 116, 118–19 (2d Cir.2003). We conclude that the district court's conclusion as to the voluntary nature of the consent and its scope was not clearly erroneous.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.