**UNITED STATES of America, Appellee,**

v.

**Raheem DAVIS, Defendant–Appellant.**

**No. 07–2428–cr.**

United States Court of Appeals, Second Circuit.

July 25, 2008.

Gail Jacobs, New York, N.Y., for Appellant.

Rebecca Monck Ricigliano, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York; New York, N.Y., for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Raheem Davis appeals from a judgment entered in the District Court on June 5, 2007, finding him guilty of distributing or possessing with intent to distribute cocaine base, or "crack," in violation of 21 U.S.C. § 812, 841(a)(1), and 841(b)(1)(C). He argues that the evidence was insufficient to support the jury's verdict, that the trial court's evidentiary rulings prohibited him from presenting a complete defense, and that his case should be remanded in light of the recent amendments to the Sentenc-

ing Guidelines respecting crack cocaine convictions.

■ Davis was arrested following police officers' observation of three men standing near each other in a stairwell, making hand motions and "passing" something. When officers approached, the men fled. One man—later identified as Davis—threw a packet containing crack cocaine and 41 individual plastic bags, and dropped a cell phone. Although no arrest was made at the scene, Davis admitted that the number of the recovered cell phone was his own. Additionally, the numbers in the recovered phone matched those on Davis's contact list at the Metropolitan Correction Center, the name "Dice Man" written on the phone's screen matched Davis's repeated references to himself as "Dice" in phone calls made from prison, and an officer on the scene of the attempted arrest later identified Davis with "80 percent" certainty as the man who had thrown the drugs, dropped the phone, and fled. In light of this evidence, a rational juror could have concluded beyond a reasonable doubt that Davis was the man whom the officers observed, and that he was distributing or possessing with intent to distribute cocaine base. *See United States v. Gagliardi,* 506 F.3d 140, 149–50 (2d Cir.2007).

■ The District Court did not err by refusing to suppress certain statements Davis made, after being Mirandized, outside the presence of counsel. At the time he made the statements, Davis was represented by counsel in another, unrelated matter. But the right to counsel is offense-specific, so it is not enough for Davis to show that he had counsel in an unrelated matter. *United States v. Mapp,* 170 F.3d 328, 334 (2d Cir.), *cert. denied* 528 U.S. 901, 120 S.Ct. 239, 315, 145 L.Ed.2d 200 (1999). Moreover, the District Court was not persuaded that Davis ever requested (and therefore was ever denied) access to an attorney, and noted that he

completed and signed a *Miranda* warning form. We see no reason to disturb these factual findings on appeal.

■ Nor did the District Court violate Davis's Fifth and Sixth Amendment rights by limiting his efforts to argue that the officers had a motive to tamper with the evidence—specifically, the cell phone. This argument was unsubstantiated and in any case is largely irrelevant because the witnesses Davis presented—including an employee of the cell phone company Nextel—tended to confirm that even if the government had such a motive, it had no means by which to effectuate it.

Davis and the government both note that the Sentencing Commission recently reduced the base offense level associated with each quantity of crack by two levels, effective November 1, 2007. *See* U.S.S.G. § 2D1.1 (2007); *Amendments to the Sentencing Guidelines for United States Courts,* 72 Fed.Reg. 28571–28572 (2007). That change has since been given retroactive effect. *See* U.S.S.G. § 1B1.10(c); *United States v. Garcia,* 339 F.3d 116, 120 (2d Cir.2003).

■ Davis's principal brief was filed the same day as Supreme Court rendered its decision in *Kimbrough v. United States,* — U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Our subsequent opinion in *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008), noted that "when the sentencing of a defendant for a crack cocaine offense occurred before *Kimbrough,* we cannot tell whether the district court would have exercised its now clear discretion to mitigate the sentencing range produced by the 100-to-1 ratio." *Id.* at 148–49. Thus:

Where a defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under

§ 3553(a), we will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives. If so, the court should vacate the original sentence and resentence the defendant. If not, the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision. On appeal, if we have not already done so, we will review the sentence for reasonableness.

*Id.* at 149.

We therefore AFFIRM Davis's conviction, but REMAND for consideration resentencing in light of *Regalado* and 18 U.S.C. § 3582(c)(2).