**UNITED STATES of America**

v.

**Raheen DAVIS, Defendant.**

**No. 05 CR 694(VM).**

United States District Court, S.D. New York.

Sept. 12, 2008.

Bobbi C. Sternheim, Rochman Platzer Fallick Sternheim Luca & Pearl, LLP, New York, NY, for Raheen Davis.

Rebecca Ann Monck, U.S. Attorney's Office, SDNY (St. Andw's), New York, NY, for U.S.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On June 1, 2007, defendant Raheen Davis ("Davis") filed a Notice of Appeal ("Notice of Appeal") from the judgment entered by this Court on June 5, 2007 (the "Judgment"), sentencing Davis to sixty-three months' imprisonment, to be followed by 3 years' supervised release. On Appeal, Davis argued that: (1) the evidence was insufficient to support the jury's verdict; (2) that the trial court's evidentiary rulings prohibited Davis from presenting a complete defense; and (3) that Davis's case should be remanded in light of the recent amendments to the Sentencing Guidelines with regard to crack cocaine convictions. By Order dated July 25, 2008 (the "Order"), the United States Court of Appeals for the Second Circuit affirmed Davis's conviction but remanded the case to this Court to consider whether resentencing pursuant to *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008), and 18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") is appropriate. *See United States v. Davis*, 07 Civ. 2428, 2008 WL 2872638, at *2 (2d Cir. July 25, 2008). For the following reasons, the Court finds that a reduction in Davis's sentence is not warranted, and affirms the original sentence of 63 months imposed on Davis.

## I. BACKGROUND

Davis was convicted of distributing or possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 812, 841(a)(1) and 841(b)(1)(C). In accordance with the United States Sentencing Guidelines (the "Sentencing Guidelines"), the Probation Office prepared a presentence investigation report, which set a Sentencing Guidelines offense level of 22 and a criminal history category of IV. At that time, the corresponding Sentencing Guidelines range for Davis's offense level and criminal history category was 63 to 78 months' imprisonment. The Government moved for an upward adjustment of Davis's offense level, under U.S.S.G. § 3C1.1, for willful obstruction of justice, and Davis moved for a downward departure of his offense level on the basis of the conditions of Davis's incarceration at the Metropolitan Correctional Center (the "MCC"). The Court denied the motions.

After considering "the nature and circumstances of the offense and the history and characteristics of [Davis], as well as the need for the sentence to promote certain objectives of the criminal justice system, namely: punishment, specific and general deterrence, and rehabilitation ... and considering all of the factors listed in 18 U.S.C. § 3553(a)," this Court found "that a 63 month sentence of imprisonment" in this case was "reasonable and appropriate, in that such a term is 'sufficient, but not greater than necessary,' to promote the proper objectives of sentencing." (Sentencing Tr. 23:3–13, June 1, 2007 (*quoting* 18 U.S.C. § 3553(A)).)

## II. *DISCUSSION*

### A. *Section 3582(c)(2)*

Pursuant to § 3582(c)(2), where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States Sentencing Commission (the "Sentencing Commission")]," a district court may, sua sponte, "reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a) ("§ 3553(a)")] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The factors a district court considers under 18 U.S.C. § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

U.S.S.G. § 1B1.10 Cmt. n. l(B)(i). In addition, a district court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." *Id.* Cmt. n. l(B)(ii),(iii).

Effective November 1, 2007, the Sentencing Commission amended the Sentencing Guidelines (the "Amendments") to lower the sentencing range for certain offenses involving crack cocaine, "reduc[ing] the base offense level associated with each quantity of crack by two levels." *Davis,* 289 Fed.Appx. at 436, 438, 2008 WL 2872638, at \*2 (*citing* U.S.S.G. § 2D1.1 (2007); Amendments to the Sentencing Guidelines for United States Courts, 72 Fed.Reg. 28571–72 (2007)). The Amendments were given retroactive effect. *See* U.S.S.G. § 1B1.10(c); *United States v. Garcia,* 339 F.3d 116, 120 (2d Cir.2003). Because the Court initially imposed a sentence that was within the Sentencing Guidelines range, the Court may reduce Davis's sentence to a term of imprisonment within the amended Sentencing Guidelines range, if such reduction is warranted, and only to the extent that the amended sentence is not lower than the minimum of the amended Sentencing Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2)(A). Under the Amendments, Davis's base offense level is 20, resulting in an applicable Sentencing Guidelines range of 51 to 63 months' imprisonment.

The Court is persuaded that a reduction in Davis's sentence is not warranted. In a submission to the Court addressing this matter, the Government calls to the Court's attention that, on or about January 11, 2008, while in custody at the MCC, Davis "repeatedly stabbed a corrections officer in the head and neck with a sharpened piece of metal that had been fashioned into a knife-like weapon." (*See* Letter from the Government, dated September 10, 2008.) Davis also "'has been disciplined for assaulting, fighting with, or threatening other inmates, for refusing to obey orders, and for insolence to staff members' at the MCC and [the Metropolitan Detention Center (the "MDC")] in Brooklyn." (*Id.*) (*citing United States v. Davis,* 548 F.Supp.2d 96, 98 (S.D.N.Y. 2008).) The Government also alleges that Davis's behavior was "so difficult and unmanageable that the Bureau of Prisons determined that Davis should no longer

be held at the [MDC] in Brooklyn pending trial on charges stemming from the attack on the corrections officer, but rather at the United States Penitentiary in Lewisburg Pennsylvania." (*Id.*)

The Court finds that Davis poses a serious threat of danger to the community, and that Davis has engaged in violent conduct post-sentencing. The Court further finds that, after taking Davis's post-sentencing conduct into account, and considering all of the factors listed in 18 U.S.C. § 3553(a), a reduction in Davis's sentence is not warranted. Last, the Court finds that Davis's sentence of 63 months' imprisonment is reasonable and appropriate, in that such a term is "sufficient, but not greater than necessary," to promote the proper objectives of sentencing. 18 U.S.C. § 3553(a). Accordingly, the motion, pursuant to § 3582(c)(2), to reduce Davis's sentence of 63 months' imprisonment is DENIED.

B. *Regalado*

Under *Kimbrough v. United States*, the United States Supreme Court explained that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine run case." —— U.S. ——, ——, 128 S.Ct. 558, 575, 169 L.Ed.2d 481 (2007). In *Regalado*, the Second Circuit held

> Where a defendant has not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under § 3553(a), we will remand to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives. If so, the court should vacate the original sentence and resentence the defendant. If not,

> the court should state on the record that it is declining to resentence, and it should provide an appropriate explanation for this decision.

518 F.3d at 149.

Here, the Court declines to resentence Davis. As indicated above, in its initial sentencing, the Court gave full consideration to all of the factors set forth in § 3553(a), and concluded that a 63 month sentence was reasonable and appropriate under the circumstances of this case. In addition, consideration of the disparity between the Guidelines' treatment of crack and powder offenses would not have altered the sentence the Court imposed on Davis. In addition, as stated above, after considering the factors under § 3553(a), and Davis's conduct post-sentencing, demonstrating that Davis poses a risk of serious danger to the community, the Court concludes that Davis does not warrant a sentence reduction. Accordingly, the Court finds that resentencing is not necessary in light of *Regalado*.

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion to resentence Raheen Davis ("Davis"), pursuant to 18 U.S.C. § 3582(c)(2), is denied; and it is further

**ORDERED** that the Judgment entered June 5, 2007, sentencing Davis to sixty-three months' imprisonment, to be followed by three years' supervised, release is affirmed.

**SO ORDERED.**