**UNITED STATES of America,**
**Appellee,**

v.

**Dwayne LEE, Defendant–Appellant.**

No. 13–1432–CR.

United States Court of Appeals,
Second Circuit.

Feb. 27, 2014.

George E. Baird, Assistant Federal Public Defender (Molly Corbett, on the brief), for Lisa A. Peebles, Federal Public Defender for the Northern District of New York, Albany, NY, for Appellant.

Brenda K. Sannes, Assistant United States Attorney, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: RICHARD C. WESLEY, CHRISTOPHER F. DRONEY, Circuit Judges, RONNIE ABRAMS, District Judge.*

### SUMMARY ORDER

Dwayne Lee appeals from a judgment of conviction entered following a guilty plea in the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge* ). On August 20, 2012, prior to Lee's guilty plea, the district court entered a Memorandum–Decision and Order denying Lee's motion to suppress the physical evidence obtained at his December 1, 2010 arrest. In his guilty plea, Lee reserved the right to appeal the district court's suppression ruling. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

We review the district court's legal conclusions *de novo* and factual findings for clear error, viewing the evidence in the

---

* The Honorable Ronnie Abrams, of the United States District Court for the Southern District of New York, sitting by designation.

light most favorable to the government. *See United States v. Getto,* 729 F.3d 221, 227 (2d Cir.2013). We "grant particularly strong deference to" the district court's factual findings "premised upon credibility determinations." *United States v. Mendez,* 315 F.3d 132, 135 (2d Cir.2002).

First, contrary to Lee's contention, the district court correctly concluded that the confidential informant's detailed tip, which the officers were able to corroborate in multiple respects, had sufficient indicia of reliability to provide the officers with reasonable suspicion to stop the pickup truck within which Lee was a passenger. *See United States v. Elmore,* 482 F.3d 172, 179 (2d Cir.2007).

Second, because the officers had reasonable suspicion to believe that Lee was armed, their decision to pull him from the truck, handcuff him, and then frisk him was reasonable under the Fourth Amendment. *See United States v. Garcia,* 339 F.3d 116, 119 (2d Cir.2003).

Lastly, the district court's decision to credit Detective Wood's suppression hearing testimony over his testimony at Lee's prior parole hearing did not constitute clear error. The district court, which did recognize Wood's prior inconsistent statement, based its decision on the fact that Detective Slingerland, whose credibility the district court found no reason to question, corroborated the relevant aspects of Wood's testimony. The record admits of no clear error here.

We have considered Lee's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**