DLD-101                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2849
_____

KENNETH MIMS,
Appellant

v.

WARDEN FAIRTON FCI

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-15-cv-04011)
District Judge:  Honorable Renee Marie Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 7, 2016

Before: CHAGARES, GREENAWAY, JR., and SLOVITER, Circuit Judges

(Opinion filed:  February 8, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Kenneth Mims appeals the District Court's order dismissing his 28 U.S.C. § 2241 petition for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

The United States District Court for the District of Connecticut sentenced Mims to a 210-month prison term after he pleaded guilty to illegal gun possession by a convicted felon. Mims appealed the judgment, and the Second Circuit affirmed. United States v. Mims, 237 F. App'x 634 (2d Cir. 2007). Mims thereafter filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the sentencing court. The sentencing court denied the § 2255 motion and Mims's motion for reconsideration.

Mims later filed a 28 U.S.C. § 2241 petition in federal court in the District of New Jersey, the jurisdiction where he is confined. Relying on Descamps v. United States, 133 S. Ct. 2276 (2013), Mims claimed that the sentencing court erroneously relied on state-court convictions for drug offenses and escape when determining that he was a career criminal for sentencing purposes.[1] The District Court dismissed his § 2241 petition for lack of jurisdiction, concluding that § 2255's safety valve, see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), did not apply to Mims's claim.

Mims appeals. We have jurisdiction under 28 U.S.C. § 1291. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate of appealability not required to appeal from denial of § 2241 petition). Our Clerk advised the parties that Mims's appeal was subject to dismissal under 28 U.S.C. § 1915(e) or summary action under Third Cir.

---

[1] As part of his plea agreement, Mims stipulated to a criminal history that classified him as an armed career criminal.

LAR 27.4 and I.O.P. 10.6. Both parties submitted responses, and we have considered their submissions.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly dismissed Mims's § 2241 petition because a motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a petitioner can seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See Dorsainvil, 119 F.3d at 249-51. However, § 2255 is not inadequate or ineffective simply because the sentencing court did not grant relief on a prisoner's § 2255 motion or the prisoner is unable to meet the gatekeeping requirements, 28 U.S.C. § 2255(h), for a second § 2255 motion. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). We have applied the "safety valve," for example, where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).

The District Court properly concluded that Mims's § 2241 petition does not fall within the narrow Dorsainvil exception. Mims's petition does not allege that he was denied an earlier opportunity to challenge the underlying state-court convictions that formed the basis for his status as an armed career criminal. Nor does he allege that the conduct for which he was convicted for those offenses is no longer criminal. Hence,

3

Mims's claim is not the type of claim that allows him to pursue § 2241 relief under Dorsainvil. Descamps, on which Mims relies, reaffirmed that sentencing courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the underlying crime has a single, indivisible set of elements. 133 S. Ct. at 2282. Descamps did not render the conduct for which Mims was convicted non-criminal.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Mims's § 2241 petition for lack of jurisdiction.