22-3231-cr
*United States v. Najera Montoya*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of November, two thousand twenty-three.

**PRESENT:**
> **AMALYA L. KEARSE,**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**United States of America**

> *Appellee,*

> v.                                                                                  **No. 22-3231-cr**

**Fredy Renan Najera Montoya**

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT: RICHARD C. KLUGH, Law Offices of Richard Klugh, Miami, FL.

FOR APPELLEE: JASON RICHMAN (Elinor Tarlow, Jacob Gutwillig, Hagan Scotten, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Fredy Renan Najera Montoya appeals from the district court's judgment, entered on October 14, 2022, after pleading guilty pursuant to a plea agreement to (1) conspiring to import cocaine into the United States, and to distribute cocaine on board a U.S.-registered aircraft, in violation of 21 U.S.C. §§ 963, 952(a), 959(a), 959(c), 960(a)(1), 960(a)(3), and 960(b)(1)(B), (2) carrying firearms and using firearms during and in relation to, and possessing firearms in furtherance of, drug trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii), and (3) conspiring to carry and use machineguns and destructive devices during and in relation to, and to possess machineguns and

destructive devices in furtherance of, drug trafficking, in violation of 18 U.S.C. §§ 924(o) and 924(c)(1)(B)(ii). Najera was sentenced by the district court to thirty years' imprisonment, fined $10 million and ordered to pay $39 million in forfeiture. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

On appeal, Najera argues that the district court erred by (1) denying him a downward adjustment under U.S.S.G. § 3E1.1, and (2) relying on the government's basis for venue under 18 U.S.C. § 3238. We conclude that Najera waived his right to raise both arguments.

Through the appeal waiver in his plea agreement, Najera has waived any challenge against his sentence. Najera waived his right to appeal "any sentence below the Stipulated Guidelines Range of life imprisonment." Plea Agreement at 7. Because Najera was sentenced to thirty years' imprisonment, his sentence falls within the scope of the appellate waiver. "This Court has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable." *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020). The record demonstrates that Najera's waiver was knowing and voluntary. At the plea

3

colloquy, the district court confirmed Najera reviewed the terms of the plea agreement with his attorney and understood he was waiving his right to appeal any sentence below life imprisonment.

The "exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). Najera does not provide any reasons in his opening brief for why he is not bound by the appeal waiver, which may itself constitute waiver. *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief."). But even if not waived, the arguments raised in his reply brief are meritless.

In his reply, Najera argues that he is entitled to appeal the district court's denial of the downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 because the plea agreement did not bar him from seeking the downward adjustment. But whether the plea agreement permitted him to seek the reduction has no bearing on the scope of his appeal waiver. By its terms, the appeal waiver barred Najera from appealing "any sentence below the Stipulated Guidelines Range of life imprisonment." Plea Agreement at 7. This includes a challenge against the district court's denial of a sentence reduction. *See United*

*States v. Riggi*, 649 F.3d 143, 147–48 (2d Cir. 2011) ("We also enforced an appeal waiver notwithstanding the defendant's claim that the sentencing court failed to make certain downward departures prior to sentencing.").

Najera further argues that the government cannot enforce the appeal waiver because it breached the plea agreement by opposing his argument at sentencing that he was entitled to an acceptance of responsibility reduction. Although the stipulated guidelines calculation contained within the plea agreement did not include a reduction for acceptance of responsibility, Najera emphasizes that the plea agreement permitted the government to seek denial of the reduction "if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of [his] sentence." Plea Agreement at 6. Najera contends that the government breached the terms of the plea agreement by relying upon his pre-plea, rather than his post-plea, conduct to oppose his request for a downwards adjustment. But the plea agreement also permitted the government to "answer any inquiries and to make all appropriate arguments" if the district court contemplated any "adjustments, departures, or calculations different from those stipulated to" in the plea agreement. *Id.* To the extent that the government

referenced or discussed Najera' pre-plea conduct, it did so for the purpose of responding to Najera's request for the acceptance of responsibility reduction, which was not stipulated to in the agreement. We therefore conclude that the government did not breach the terms of the plea agreement.

Najera also makes various attempts to characterize the language of the appeal waiver as ambiguous to argue that it should not be enforced against him. But none of the alleged ambiguities identified by Najera allow the conclusion that his present sentencing appeal is permitted. For example, he argues that the sentence structure of the waiver suggests that he cannot file a direct appeal of any sentence, not just sentences below life imprisonment. Even if the provision is ambiguous, there is no reading in which it would permit an appeal of a sentence less than life imprisonment as is the case here. He also argues that the plea agreement is ambiguous as to whether he may appeal a $39 million forfeiture order. But this is irrelevant because Najera has not contended that there was an error in either the fine or the forfeiture components of his sentence. Accordingly, the appeal waiver is enforceable and covers Najera's challenge to the district court's denial of a downward adjustment.

Having entered a valid guilty plea, Najera's objection as to venue is also waived. *See United States v. Calderon*, 243 F.3d 587, 590 (2d Cir. 2001). "It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003). Because "[v]enue is not jurisdictional," a valid guilty plea is a waiver of any challenge to venue. *Calderon*, 243 F.3d at 590.

We reject Najera's argument that his venue challenge is not waived because the district court failed to confirm that Najera was knowingly and voluntarily waiving his right to challenge the government's basis for venue. Rule 11 does not require the district court to inform Najera of all possible defenses to his conviction such as a potential venue defense. *See* Fed. R. Crim. P. 11; *Calderon*, 243 F.3d at 589. "Our decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty." *United States v. Broce*, 488 U.S. 563, 573 (1989). Accordingly, Najera's objection to venue is waived.

\* \* \*

7

We have considered Najera's remaining arguments and find them to be without merit.   For the reasons set forth above, we **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court