[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11005
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20607-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE R. DIAZ-ROSADO,
a.k.a. Chiqui,
a.k.a. Alvaro Diaz,
a.k.a. Jose Raul Diaz,
a.k.a. Raul Diaz Rosado,
a.k.a. Jose Rosado,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 23, 2018)

Before WILLIAM PRYOR, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

This is Defendant Jose Diaz-Rosado's second appeal following his guilty plea to conspiracy to possess with intent to distribute five or more kilograms of cocaine. In his first appeal, we affirmed Defendant's conviction, vacated his sentence of life imprisonment, and remanded for resentencing because the district court erred by applying a four-level aggravated-role enhancement under U.S.S.G. § 3B1.1(a), and further because it was unclear whether the district court would have denied Defendant credit for acceptance of responsibility, but for its finding of a leadership role.

On remand, the district court sentenced Defendant to 240 months' imprisonment. Defendant now raises three arguments on appeal. First, he challenges the district court's denial of a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Next, he argues that the district court erred by *sua sponte* inquiring into a potential conflict of interest regarding Defendant's attorney. Finally, he asserts that the district court erred by failing to dismiss the case for lack of venue. After careful review, we affirm.

## I.    BACKGROUND

"Defendant was a participant in an extensive drug-trafficking conspiracy that transported large quantities of cocaine from Venezuela, through the Caribbean, to

the United States." *United States v. Diaz-Rosado*, 615 Fed. App'x 569, 571 (11th Cir. 2015) (unpublished).  In August 2012, federal agents in Puerto Rico seized 1,032 kilograms of cocaine from a vessel registered to Defendant.  In December of the same year, Defendant met with a confidential informant in Hollywood, Florida and provided the informant with $28,000 to purchase two boat motors.  Several weeks later, on December 30, 2012, the United States Coast Guard interdicted a vessel carrying 1,157 kilograms of cocaine off the shores of the U.S. Virgin Islands.  The serial numbers of the motors on that vessel matched the ones the confidential informant had purchased for Defendant.

The U.S. Attorney's Office in Puerto Rico subsequently met with Defendant to afford him the opportunity to cooperate.  However, his two-day proffer did not ultimately lead to any cooperation agreement, as Defendant repeatedly lied to law enforcement officers and failed to disclose his plans regarding the transportation of a third shipment of cocaine in St. Croix.

### B.    Procedural History

In August 2013, a federal grand jury sitting in the Southern District of Florida charged Defendant with one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

and 846, based on his role in the December 2012 cocaine seizure.[1]  Defendant pled

guilty to that charge without the benefit of a plea agreement.

In preparation for sentencing, the probation officer prepared the PSR.  The

PSR assigned Defendant a base offense level of 28 pursuant to U.S.S.G.

§ 2D1.1(a)(5) because the offense involved 150 kilograms or more of cocaine.

Defendant received a four-level enhancement under U.S.S.G. § 3B1.1(a) because

he was a leader of criminal activity involving five or more participants.  He also

received a two-level obstruction of justice enhancement, pursuant to U.S.S.G.

§ 3C1.1, because he attempted to influence the confidential informant to lie to law

enforcement and because he lied to law enforcement officers during his two-day

proffer.  Because the PSR did not recommend a reduction for acceptance of

responsibility, Defendant's total offense level was 44.  However, the offense level

became 43, pursuant to Chapter 5 of the Sentencing Guidelines, which provides

that any offense level greater than 43 is treated as a 43.  Based on a total offense

level of 43 and a criminal history category of I, Defendant's guideline range was

life imprisonment.

At the sentencing hearing, the district court overruled Defendant's

objections to aggravated-role enhancement, as well as to the enhancement for

---

[1]  That same month, Defendant was also charged in the District of Puerto Rico with conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952, 960, and 963, and conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  These charges stemmed from Defendant's role in the August 2012 cocaine seizure.

obstruction of justice.  The district court also denied Defendant's request for a reduction for acceptance of responsibility.  After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to life imprisonment.

On appeal, we affirmed Defendant's conviction but vacated his sentence and remanded to the district court for resentencing.  *Diaz-Rosado*, 615 Fed. App'x at 581.  Specifically, we determined that the district court erred by applying the four-level aggravated-role enhancement under § 3B1.1(a), and we instructed the district court to resentence Defendant without that enhancement.  *Id.* at 579.  We further instructed the court to reconsider the appropriateness of the reduction for acceptance of responsibility under § 3E1.1, without taking into account Defendant's purported leadership role or Defendant's challenge to that enhancement at the original sentencing hearing.  *Id.* at 581.

After remand to the district court, Defendant retained attorney Maria Dominguez—a former First Assistant U.S. Attorney for the District of Puerto Rico—to represent him at sentencing.  Defendant also moved for a continuance of the resentencing hearing to allow time for the potential filing of a motion to transfer his case to the District of Puerto Rico.

At a subsequent hearing before the district court, the court inquired whether 18 U.S.C. § 207 prevented Dominguez from representing Defendant, as she had only recently left her position at the U.S. Attorney's Office in Puerto Rico—where

5

Defendant had a pending drug conspiracy case. The district court ordered Dominguez to refile a pleading entering her appearance as counsel and to specifically address whether the restrictions under § 207 applied to her representation of Defendant.

In response to the court's order, Dominguez argued that the § 207 restrictions did not apply to her representation of Defendant in the Southern District of Florida. Nevertheless, she acknowledged that a potential conflict of interest could arise based on Defendant's anticipated future argument to dismiss the indictment. For that reason, she moved to withdraw her notice of appearance. The court granted the motion.

Defendant obtained new counsel and subsequently filed a sentencing memorandum, requesting a reduction for acceptance of responsibility under § 3E1.1 based on his timely filing of a statement of acceptance of responsibility. As for the obstruction of justice enhancement that was undercutting his request for an acceptance-of-responsibility credit, Defendant acknowledged that he had initially told the confidential informant to lie to law enforcement, but he asserted that he had later told the informant to be truthful. He also requested that the court consider a safety-valve reduction under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f).

At the second sentencing hearing, the district court recalculated the guideline range—without application of the four-level aggravated-role enhancement—as 292

6

to 365 months' imprisonment based on a total offense level of 40 and a criminal history category of I. The Government did not oppose Defendant's request for a safety-valve reduction, which lowered Defendant's total offense level to 38, resulting in a guideline range of 235 to 293 months' imprisonment. Defendant reiterated that notwithstanding his enhancement for obstruction of justice, a credit for acceptance of responsibility is permitted in an extraordinary case. Defendant argued that his case was extraordinary.

The district court noted this Court's instruction that it reconsider the reduction for acceptance of responsibility without consideration of Defendant's leadership role in the offense. With that in mind, the district court concluded that Defendant was still not entitled to the reduction. In fact, the court indicated that even if its decision denying Defendant a reduction for acceptance of responsibility was erroneous, it would still impose the same sentence pursuant to the § 3553(a) factors. Stating that it was imposing a reasonable sentence independent of the guideline range, the court sentenced Defendant to 240 months' imprisonment. This appeal followed.

## II. DISCUSSION

### A. Acceptance of Responsibility

Defendant challenges the district court's denial of a two-level reduction for acceptance of responsibility under § 3E1.1(a). We review for clear error the

7

district court's denial of a reduction for acceptance of responsibility. *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004). Section 3E1.1 (a) of the Sentencing Guidelines provides that a defendant is eligible for a two-level reduction in his offense level if he clearly demonstrates acceptance of responsibility. U.S.S.G. § 3E1.1(a). The burden is on the defendant to demonstrate that he has shown acceptance of responsibility. *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).

Here, the district court did not clearly err by denying Defendant a reduction for acceptance of responsibility. Because Defendant received the enhancement for obstruction-of-justice pursuant to § 3C1.1, the reduction for acceptance of responsibility was only appropriate under "extraordinary" circumstances. *See* U.S.S.G. § 3E1.1, comment. (n.4); *United States v. Knight*, 562 F.3d 1314, 1328 (11th Cir. 2009) ("The commentary states that an acceptance-of-responsibility reduction and obstruction-of-justice enhancement should be applied in tandem on in 'extraordinary cases.'"). Defendant has not shown that the district court clearly erred in finding no extraordinary circumstances sufficient to warrant a reduction for acceptance of responsibility. Indeed, he instructed a confidential informant to lie to law enforcement, and although he later recanted this instruction and told the informant to "tell the truth," the record shows that he told the informant to be truthful only about certain information. These facts do not render clearly

8

erroneous the district court's decision that Defendant's case was not "extraordinary." Thus, the district court's denial of the reduction for acceptance of responsibility was not error.

Nevertheless, even if the district court erred by denying Defendant a reduction for acceptance of responsibility, any error was harmless. In cases where a district court erred in calculating the guideline range, the error is harmless and not subject to reversal if the court "clearly state[d] that [it] would impose the same sentence regardless" of the error, "and the sentence imposed [was] reasonable." *United States v. Perkins*, 787 F.3d 1329, 1341 (11th Cir. 2015); *see also United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) ("[I]t is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." (quotation omitted)).

In imposing the 240-month sentence, the district court noted that regardless of its ruling on Defendant's request for an acceptance-of-responsibility reduction, it still would have imposed the same sentence based on its consideration of the 18 U.S.C. § 3553(a) factors. Indeed, the district court stated that it was imposing a reasonable sentence independent of the guideline range "[g]iven the nature and characteristics of the defendant, the seriousness of the offense, and the need to promote respect for the law." Because the district court noted that it would have imposed the same sentence regardless of any guidelines-calculations error, any

9

error is harmless if Defendant's 240-month sentence is reasonable. *See United States v. Focia*, 869 F.3d 1269, 1287 (11th Cir. 2017) ("Where the district court states that it would have imposed the same sentence regardless of any guideline-calculation error, any error is harmless if the sentence would be reasonable even if the district court's guideline calculation was erroneous.").

To determine whether a sentence is reasonable when a district court makes such a statement, we assume "that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly" and then "ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Keene*, 470 F.3d at 1349. Here, if the district court had applied the two-level reduction for acceptance of responsibility under § 3E1.1(a), Defendant's guideline range would have been 188 to 235 months' imprisonment. Therefore, we must determine whether Defendant's 240-month sentence is reasonable in light of that guideline range.

We review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). We first look to whether the district court committed any procedural error, and then we examine whether the sentence is substantively reasonable in light of the totality of

10

the circumstances and the 18 U.S.C. § 3553(a) factors.[2]  *Id.*  "A district court

abuses its discretion when it (1) fails to afford consideration to relevant factors that

were due significant weight, (2) gives significant weight to an improper or

irrelevant factor, or (3) commits a clear error of judgment in considering the proper

factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)

(quotations omitted).

Defendant has not met his burden of showing that his 240-month sentence is

unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (The

party challenging the sentence bears the burden of showing that it is unreasonable).

In arriving at the 240-month sentence, the district court considered the § 3553(a)

factors and the parties' arguments, specifically noting that it considered the

mitigating factors Defendant set forth in his request for an acceptance-of-

responsibility reduction.  As the court noted, Defendant's sentence was supported

by several § 3553(a) factors, including Defendant's nature and characteristics, the

seriousness of the offense, and the need to promote respect for the law.  18 U.S.C.

§ 3553(a)(1)-(2).  Indeed, the court specifically referenced the extensive nature of

---

[2]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

11

the offense, the large quantity of drugs involved, and Defendant's prior criminal history. *See Irey*, 612 F.3d at 1187 (noting that we "may not presume that a sentence outside the guidelines is unreasonable and must give 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'").

Moreover, although Defendant's 240-month sentence represents an upward variance from the imputed guideline range of 188 to 235 months' imprisonment that would have applied if the district court had found in Defendant's favor on the acceptance-of-responsibility issue, the sentence imposed is only five months more than the top of that guideline range and is still well below the statutory maximum of life imprisonment. *See United States v. Gonzalez,* 550 F.3d 1319, 1324 (11th Cir. 2008) (indicating that a sentence well below the statutory maximum is an indicator of reasonableness). On this record, we are not left with "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

In short, we find no clear error in the district court's refusal to give a reduction for acceptance of responsibility. But even if the district court had committed clear error, any error was harmless because the district court stated that

12

it would impose the same sentence regardless of the error, and Defendant's 240-month sentence is reasonable.

### B.    Conflict of Interest

Defendant asserts that the district court erred by *sua sponte* inquiring into whether Dominguez's representation of Defendant posed a potential conflict of interest under 18 U.S.C. § 207.

Although we have not specified the standard of review that applies to a district court's *sua sponte* inquiry into whether an attorney's representation violates § 207, we review for abuse of discretion a district court's inquiry into the merits of a defendant's motion for new counsel. *See United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997); *see also United States v. Campbell*, 491 F.3d 1306, 1310 (11th Cir. 2007) (reviewing the district court's decision to disqualify the defendant's counsel for abuse of discretion). "Although the Sixth Amendment guarantees counsel, it does not grant defendants the unqualified right to counsel of their choice." *United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008). Courts are permitted, and sometimes required, to inquire into a potential conflict of interest. *See Mickens v. Taylor*, 535 U.S. 162, 173–74 (2002) (concluding that, in order to demonstrate a Sixth Amendment violation, a defendant must establish that a conflict of interest adversely affected his counsel's performance where the trial court fails to inquire into a potential conflict of interest

13

about which it knew or reasonably should have known); *Wood v. Georgia*, 450 U.S. 261, 272 (1981) ("[T]he record does demonstrate that the *possibility* of a conflict of interest was sufficiently apparent at the time of the revocation hearing to impose upon the court a duty to inquire further." (emphasis in original)).

Section 207 of Title 18 imposes restrictions on employees of the Executive Branch and certain other agencies. 18 U.S.C. § 207. The statute provides in relevant part that a former employee of the Executive Branch is prohibited from knowingly making, "with the intent to influence, any communication to or appearance" before a court of the United States with respect to any matter where the United States is a party and "in which the person participated personally and substantially as such officer or employee." 18 U.S.C. § 207(a)(1). The statute further provides that a former Executive Branch employee subject to the restrictions in § 207(a)(1) who, within two years after her termination, knowingly makes, with the intent to influence, any communication to or appearance before any court, on behalf of any other person in connection with a particular matter (1) "in which the United States . . . is a party or has a direct and substantial interest"; (2) "which such person knows or reasonably should know was actually pending under . . . her official responsibility as such officer or employee within a period of 1 year before the termination" of her employment; and (3) "which

14

involved a specific party or specific parties at the time it was so pending" is subject to punishment. *Id.* § 207(a)(2).

At the outset, we note that the district court did not disqualify Dominguez's representation, or otherwise rule on the potential conflict, as Dominguez withdrew her notice of appearance voluntarily after concluding that Defendant's anticipated future arguments for dismissal of the indictment presented a potential conflict. But regardless, the district court did not abuse its discretion by inquiring into the potential conflict of interest arising from Dominguez's representation of Defendant because the possibility of a conflict was "sufficiently apparent" from the record. *See Wood*, 450 U.S. at 272. Dominguez was the First Assistant for the U.S. Attorney's Office in Puerto Rico when Defendant was indicted in that district on drug conspiracy charges. Dominguez had supervisory authority of the attorney prosecuting Defendant and had briefly met with Defendant's counsel regarding a conduct complaint against the prosecuting attorney. Further, Dominguez separated from the U.S. Attorney's Office only seven months prior to taking up her representation of Defendant in the Southern District of Florida.

These facts and the restrictions set forth in § 207 cried out for an inquiry by the court not only to insure that the statute was complied with, but to protect Defendant and the integrity of the sentencing process. Therefore, the district court did not abuse its discretion by inquiring into whether Dominguez's representation

15

presented an actual conflict of interest or a violation of federal law.  *See Campbell*, 491 F.3d at 1310 ("The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest. . . ." (quotation omitted)); *see also United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994) (explaining that the court may refuse to accept a defendant's waiver of conflict-free counsel for several reasons, including protecting the integrity of the court).

## C.    Venue

Defendant next argues that his case should be dismissed because venue was not proper in the Southern District of Florida, as the Government proffered no facts indicating that Defendant, or any coconspirator, took any action in the Southern District of Florida.  The Government asserts that Defendant waived his ability to challenge venue by pleading guilty and by failing to raise the issue of improper venue in his first appeal.  We agree.

Because Defendant pleaded guilty to the indictment, he waived a challenge to venue.  *See, e.g., United States v. Smith*, 532 F.3d 1125, 1127 (11th Cir. 2008) (explaining that a guilty plea waives all non-jurisdictional challenges to a conviction); *see also United States v. Calderon*, 243 F.3d 587, 590 (2d Cir. 2001) (holding that a defendant's guilty plea waived any challenge to venue).  Further, we need not consider Defendant's venue argument because he failed to raise this

16

issue in his first appeal. *See United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481–83 (11th Cir. 1989) (holding that because a defendant failed to raise an issue in his first appeal, we were not required to consider the issue in a subsequent appeal). Therefore, we decline to consider Defendant's argument that venue was improper in the Southern District of Florida.[3]

## III.    CONCLUSION

For all of the above reasons, Defendant's sentence is **AFFIRMED.**

---

[3] To the extent Defendant argues that his case should have been transferred to the District of Puerto Rico pursuant to Federal Rule of Criminal Procedure 20, his argument is without merit. Although Defendant moved for a continuance in order to potentially file a motion to transfer his case to the District of Puerto Rico, he never actually filed such a motion. And although the district court questioned defense counsel about the potential filing and noted its belief that Rule 20 would operate to have Defendant's case in Puerto Rico transferred to the Southern District of Florida where he resides, and not the other way around, the district court never actually ruled on any motion to transfer the case to the District of Puerto Rico.